## SOUTHWESTERN TELEGRAPH & TELEPHONE CO. v. WALKER GRAIN CO. et al.

(District Court, N. D. Texas, at Fort Worth. January 26, 1925.)

No. 71.

**I. Courts ⊚⟹329—Jurisdiction shown by pleadings not lost because proof before master shows want of jurisdictional amount.**

A federal District Court is not required by Judicial Code, § 37 (Comp. St. § 1019), and equity rule 39, to dismiss a bill properly alleging jurisdictional facts, for want of jurisdictional amount in controversy, disclosed by proofs taken before master.

**2. Courts ⟊329—Allegation of jurisdictional amount, in good faith, gives federal court jurisdiction.**

Where the allegations of a bill, made in good faith, state a cause of action for an amount within the jurisdiction of the court, it does not lose jurisdiction because of a finding on the merits that a less amount is involved.

**3. Courts ⟊329—Finding on the merits held not to deprive the court of jurisdiction.**

Where a creditor's bill, filed by a creditor of .two corporations, joined such corporations and an individual, alleging that he created the corporations as dummies for the conduct of his own business and invested 'their earnings in property, title to which was taken in his own name, and the aggregate of its claims against the two corporations was sufficient to give the court jurisdiction, but the claims singly were not, a finding that the corporations were not so organized, but were separate entities, does not deprive the court of jurisdiction to grant complainant any relief to which the proofs show it to be entitled under the pleadings.

In Equity. Suit by the Southwestern Telegraph & Telephone Company against the Walker Grain Company and others. On exceptions to master's report and motion to dismiss. Motion denied, exceptions sustained in part, and decree for complainant.

Stanley Boykin and H. C. Ray, both of Fort Worth, Tex., for the exceptions.

James A. Templeton, of Fort Worth, Tex., for the motion.

ATWELL, District Judge. Several years ago this suit was instituted. The fifth amended original petition was filed on the 21st day of November, 1918. The cause was shuttled back and forth from the law to the equity dockets, and finally found lodgment on the equity docket.

The defendant at all times maintained that there was no jurisdiction. A motion raising this question was argued on September 11, 1923, and overruled. On December 8, 1923, the court appointed L. A. Smith, Esq., master, and directed him to "hear evidence and report upon all issues of fact and all issues of law involved in said cause, except the issue of the jurisdiction of the court, which has heretofore been determined by the court." On December 20, 1923, the defendants asked to have the order corrected, so as to read that "the plea to the jurisdiction would be reserved for disposition by the court on evidence." The court evidently refused to change the order, and the master filed his report on June 16, 1924.

On June 13, 1924, and after the report of the master had been submitted to both parties for inspection, the plaintiffs asked leave to amend, and filed a trial amendment, in which two bonds, introduced in evidence by the defendants and attached to their pleadings, and mentioned in the master's report, were declared upon by the plaintiff, and it prayed judgment "jointly and severally against the defendants J. L. Walker and Mrs. M. M. Walker, and against the Walker Grain Company, and against the Julian A. Ivy Grain Company, with 8 per cent. interest as specifically provided in said bonds." The aggregate of the two accounts which the plaintiff claims against the two corporations, .which it claims were under the domination and control of the defendant Walker, and entirely subservient to his will, is in excess of the amount necessary to give jurisdiction to this court, but, taken separately, each of said accounts is below such amount.

The master found that the defendant Walker did not organize and use the corporations as dummies for the carrying on of the main business, as alleged in the bill. He reached this conclusion after a painstaking trial, and after the hearing of much testimony. There was a substantial issue upon this question. Accepting the finding of the master upon this question as final, which this court now does by approving such finding, there is no such combination as would, if it appeared at the inception of the cause, give this court jurisdiction.

But after having exercised jurisdiction, and after having exercised power to decide, is the court now bound to dismiss the action? The defendants call the court's attention to Wetmore v. Rymer, 169 U. S. 120, 18 S. Ct. 293, 42 L. Ed. 682; Morris v. Gilmer, 129 U. S. 315, 9 S. Ct. 289, 32 L. Ed. 690; Metcalf v. City of Watertown, 128 U. S. 596, 9 S. Ct. 173, 32 L. Ed. 543; McDaniel v. Traylor, 196 U. S. 415, 25 S. Ct. 369, 49 L. Ed. 533; Id., 212 U. S. 433, 29 S. Ct. 343, 53 L. Ed. 584; In re Winn, 213 U. S. 465, 29 S. Ct. 515, 53 L. Ed. 873; Lambert Co. v. Baltimore & Ohio Railway, 258 U. S. 377, 42 S. Ct. 349, 66 L. Ed. 671; Steigleder v. McQuesten, 198 U. S. 141, 25 S. Ct. 616, 49 L. Ed. 986; Chapman v. Barney, 129 U. S. 677, 9 S. Ct. 426, 32 L. Ed. 800; Great Southern Co. v. Jones, 177 U. S. 450, 20 S. Ct. 690, 44 L. Ed. 842.

[1] These cases, read with section 37 of the Judicial Code (Comp. St. § 1019) and equity rule 39, support the general statement, which every lawyer recognizes, that when it appears to the court that litigation is being conducted before him over which

he has no jurisdiction, then, and in that event he should dismiss it; that if, in any suit commenced in one of such courts, "it shall appear to the satisfaction of the * * * court at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said * * * court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said * * * court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed." Act March 3, 1875, § 5 (Comp. St. § 1019).

In Steigleder v. McQuesten, 198 U. S. 141, 25 S. Ct. 616, 49 L. Ed. 986, Mr. Justice Harlan stated that "the motion to dismiss the cause, based upon proofs taken by the master, was therefore an appropriate mode in which to raise the question of the jurisdiction of the Circuit Court." This expression was made after the justice had observed that the act of 1875, which I have just mentioned, was still in full force. The record in that case does not disclose whether the case had been referred to the master for that particular purpose, nor am I at all sure that that would make any difference.

The plaintiff calls attention to that line of cases which supports the doctrine that jurisdiction is the power to decide a justiciable controversy, and includes questions of law as well as of fact, and that a complaint which sets forth a substantial claim under a federal statute presents a case within the jurisdiction of this court, and such jurisdiction cannot be made to stand or fall upon the way the court may chance to decide that issue. Its decision, either way, upon either a question of law or fact, is predicated upon the existence of jurisdiction and not upon the absence of it. Binderup v. Pathé Exchange (U. S. Sup. Ct. Nov. 1923) 263 U. S. 291, 44 S. Ct. 96, 68 L. Ed. 308, in which opinion there is a citation of a long list of cases by the Supreme Court. See, also, Handley v. Stutz, 137 U. S. 366, 11 S. Ct. 117, 34 L. Ed. 706 (trust fund); Geneva Furniture Co. v. Karpen, 238 U. S. 254, 35 S. Ct. 788, 59 L. Ed. 1295; Blumenstock Bros. v. Curtis Pub. Co., 252 U. S. 439, 40 S. Ct. 385, 64 L. Ed. 649.

If the pleadings of the plaintiff in good faith disclose a substantial controversy within the jurisdiction of the court, there is jurisdiction, even though upon the trial it may develop that the position was untenable. That there is difficulty, at times, of distinguishing between matters which go to the jurisdiction and those which relate to the merits, may be conceded.

[2] A finding upon the merits against the plaintiff is not a determining of the jurisdiction against the plaintiff. The finding upon the merits, itself, is made by the court because of its jurisdiction. In some of the cases this thought is carried to good illustration in pointing to patent litigation. A judgment against the validity of a patent is as much within the jurisdiction of the United States court as the judgment that supports the validity of the patent.

[3] In the present case the plaintiff files a creditor's bill for the use of itself and all others, alleging the creation of corporations for the purpose of serving the defendant Walker, and accumulation of money by this means, which moneys were placed in real estate, the title to which was taken in the name of Mr. Walker. The account that the telephone company declares upon against one of the corporations is not within the jurisdiction of this court, nor is the account that it declares upon against the other corporation within the jurisdiction of this court, as to amount. Had the master found, upon the trial of the facts, that the defendant Walker was making the use of such corporations as the plaintiff maintained in its bill, and was placing the funds so derived into real estate, for the improper purposes alleged in the bill, there would have been an impounding of the entire matter for the use of the plaintiff and other creditors. That the verdict upon the facts does not support the plaintiff's theory (such verdict being a general verdict, and not a finding desired by the judge for the specific purpose of determining jurisdiction on a controverted fact) is no sufficient reason why such judgment as the pleadings authorize will not be entered; that is, a judgment for either of the defendants or the plaintiff.

There being a prayer for general relief on the part of the plaintiff, and there appearing in the pleadings and in the evidence a bond for the payment of such sum to the telephone company as it might be determined was owed by the corporation or corporations in question, and the plaintiff asking for leave to amend its pleadings, so as to ask for judgment against the bond, which leave will be given, judgment will

go against such bond for such sums as were found by the master and in accordance with these views.

The plaintiff's exception to that portion of the master's report which relates to the ownership of the $51,500 is sustained, and that finding is set aside. The court holds that that fund belonged to the corporations, and is and was liable for their debts.

Order will be drawn accordingly, and exceptions noted.