## HARRIS v. NEWSOM.

Circuit Court of Appeals, Eighth Circuit.
December 5, 1927.

No. 7755.

1. **Appeal and error** &#8690;846(3)—**Assignments to holdings of court will not be considered, in absence of declarations of law in form permitting review.**

Assignments of error to trial court's holdings will not be considered by reviewing court, where trial court made no declarations of law in any form that could be reviewed.

2. **Appeal and error** &#8690;846(3)—**Remarks of court cannot be treated as declarations of law, for review on writ of error.**

Remarks of court during trial, or in discussing the same in an opinion, cannot be treated as declarations of law, to be reviewed on writ of error.

3. **Appeal and error** &#8690;850(2)—**General finding by trial court, in case tried without jury, cannot be reviewed (28 USCA §§ 773, 875).**

Under Rev. St. §§ 649, 700 (28 USCA §§ 773, 875 [Comp. St. §§ 1587, 1668]), there can be no review of a general finding made by the trial court, in a case tried by it without the intervention of a jury.

4. **Appeal and error** &#8690;733—**Assignments that judgment is contrary to law and to evidence held too general.**

Assignments of error to the effect that judgment is contrary to law and contrary to the evidence *held* too general to be noticed.

5. **Appeal and error** &#8690;1078(1)—**Assignments not argued will be considered abandoned.**

Assignments of error that are not argued by plaintiff in error will be considered as abandoned.

6. **Appeal and error** &#8690;849(1)—**Alleged error in admitting testimony is not reviewable, where jury was not waived in writing filed with clerk (28 USCA §§ 773, 875).**

Under Rev. St. §§ 649, 700 (28 USCA §§ 773, 875 [Comp. St. §§ 1587, 1668]), Circuit Court of Appeals cannot review alleged error in admission of testimony, where there was no waiver of jury in writing filed with the clerk, notwithstanding there was a waiver in open court, orally stated by counsel and agreed to.

In Error to the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Action by Herman P. Harris, trading and doing business under the firm name and style of Harris & Co., against Charles F. Newsom, wherein defendant filed a counterclaim. Judgment for defendant, and plaintiff brings error. Affirmed.

F. L. Taylor, of Pueblo, Colo. (Baylor B. Brown, of Fort Worth, Tex., on the brief), for plaintiff in error.

Fred A. Sabin, of La Junta, Colo., for defendant in error.

Before LEWIS, Circuit Judge, and POLLOCK and SCOTT, District Judges.

SCOTT, District Judge. This was an action by Herman P. Harris, trading as Harris & Co., against Charles F. Newsom, for damages resulting from alleged breach of contract for sale of 1,000 tons of alfalfa hay by defendant to the plaintiff. Briefly stated, it is in substance alleged by the plaintiff: That he entered into a written contract, exhibited on his petition, for the purchase of 1,000 tons of alfalfa hay of different grades. That the hay was to be shipped from Fowler, Colo., to Fort Worth, Tex. That a portion of said hay was shipped that was damaged, inferior, and below grade, and that the same was refused. The defendant discontinued

shipping further hay. That plaintiff advanced to the defendant $3,000 on the signing of the contract, and among other items of damage prays its repayment in part. Plaintiff's inspection of the hay was at delivery at Fort Worth, Tex., and he contends that under the agreement this was the point of inspection. The defendant answered, admitting some of the allegations of the plaintiff's petition, but denied many, and counterclaimed for $1,043.34 for breach of contract alleged against the plaintiff. One of the points in controversy was as to where the hay should be inspected. The written contract was silent upon this subject, but plaintiff pleaded an express oral agreement that inspection was to be governed by the Fort Worth official inspection and grading. Issue was joined on this latter plea, and that question was specially submitted to the jury as hereinafter stated.

Issue being fully joined the case came on for trial before the court and a jury, and the trial proceeded for a time, whereupon, the bill of exceptions shows, the parties through their counsel agreed in open court, apparently orally, that a single question should be submitted to the jury, viz.: "Did the plaintiff and defendant enter into an oral agreement, contemporaneous with the written agreement, that both parties would be governed by the Fort Worth official inspection and grading of the hay under the contract?"

It was further stipulated and agreed "that, upon the verdict of the jury on said interrogatory being received and made a part of the record in the case, the jury may be discharged from all further consideration of this case, and that both sides request the court to decide all questions of law and fact in this case, both sides to have such time as they may agree upon to submit briefs." And thereupon the question stated was submitted to the jury, and the jury, having deliberated, returned a negative answer thereto. Thereupon the court proceeded to determine all other matters of law and fact, and, being advised in the premises, entered a general finding and judgment in favor of the defendant. An opinion was filed in the case by the trial court, in which he generally discusses the law and facts, but this opinion was not by any order embodied therein or otherwise adopted by the court as special findings, or made of record as such. No special findings were requested and refused. No declarations of law were requested or made by the court.

The case is brought here upon writ of error, and ten errors assigned. The first, second, and third assignments are as follows:

"First. The court erred in holding that the contract in question expressly provided that the point of delivery of the hay was Fowler, Colorado.

"Second. The court erred in holding, as a matter of law, that the point of delivery of the hay, under the contract in question, was Fowler, Colorado.

"Third. Since the contract in the case at bar provides that the seller is to ship certain quantities of three distinct grades or qualities of hay to the buyer at a distant point, and since the contract is silent as to where said hay is to be inspected, under the law the buyer has the right of inspecting the hay at the destination of the shipment and the rejection thereof, if the hay is not of the grades designated in the contract, and the court therefore erred in holding, as a matter of law, that the point or place of inspection of the hay under the contract at bar was at Fowler, Colorado, which was the point of shipment."

[1, 2] The difficulty with these assignments is that the court made no declarations of law, as indicated therein, in any form that can be reviewed by this court. Remarks of the court during the trial, or in discussing the same in an opinion, cannot be treated as declarations of law to be reviewed on writ of error. See the many authorities of this and other courts cited in note, 3 U. S. Compiled Statutes 1916, p. 3161.

Assignments 4, 5, and 6 are as follows:

"Fourth. The court erred in entering judgment herein against the plaintiff in error on the second amended complaint, and in favor of the defendant on his cross-complaint, for the reason that the contract in the case at bar provides that Newsom, the defendant and shipper, shall ship to the plaintiff, the buyer, certain quantities of three distinct grades or qualities of hay to a distant point, and is silent as to where said hay is to be inspected to ascertain as to whether the hay shipped is of the grades or qualities provided in said contract, for the reason that the undisputed and uncontradicted evidence shows that Newsom, the defendant, shipped said hay at different times without prior notice to Harris, the plaintiff, billing said hay in his own name as consignor to himself as consignee at Fort Worth, Texas, with drafts attached to bill of lading, and for the further reason that Harris, the plaintiff, caused all of the hay shipped by Newsom to be inspected at Fort Worth, Texas, by the official hay and grain inspector, a disinterested party, and that said inspector found that sixteen of said cars of hay, when they

arrived at Fort Worth, Texas, which included the last two cars of hay shipped, did not contain hay of any of the grades or qualities provided for in said contract, and for the further reason that the last two cars of hay shipped by Newsom, which two cars were refused by plaintiff, were inspected by said hay and grain inspector and found not to contain hay of the grades or qualities provided for in said contract.

"Fifth. The judgment of the court herein is contrary to and not supported by the evidence, in that the contract in question on its face shows that it is silent as to the point of delivery of the hay, and is silent as to where the hay to be delivered under said contract is to be inspected, and the uncontradicted testimony of disinterested witnesses shows that all of the hay shipped by Newsom was inspected at Fort Worth, Texas, the point of destination of the several shipments, that sixteen cars of said hay shipped by the said defendant, including the last two cars shipped, contained hay of no grade, damp and musty, and that none of said sixteen cars contained hay of any of the grades or qualities designated or named in said contract when said cars arrived at Fort Worth, Texas, and for the further reason that the last two cars of hay shipped by the defendant were shipped from Vroman, Colorado, and not Fowler, Colorado, to the defendant at Fort Worth, Texas, and were inspected by the official hay and grain inspector of Fort Worth, Texas, upon their arrival, and found to contain damp and musty hay, which was not hay of the grades provided for in said contract.

"Sixth. The court, by its findings against the plaintiff and the entry of judgment herein for the defendant, erred by wholly disregarding the undisputed and uncontradicted testimony that the hay shipped by the defendant, Newsom, when it arrived at Fort Worth, Texas, was not of the grades or qualities provided for in said contract, and therefore by such findings and judgment denied the plaintiff the right to inspect said hay when it arrived at its destination, and likewise denied said plaintiff the right to refuse said hay when it was found not to be of the grades or qualities provided for in said contract."

It is clear that all of these assignments have to do with the evidence in the case. 28 USCA § 773 (R. S. § 649; Comp. St. § 1587), and 28 USCA § 875 (R. S. § 700; Comp. St. § 1668), provide as follows:

Section 773: "Issues of fact in civil cases in any District Court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

Section 875: "When an issue of fact in any civil cause in a District Court is tried and determined by the court without the intervention of a jury, according to section 773 of this title, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

[3] It was long ago well settled, before the abolition of the Circuit Court, that in a case tried before such court without the intervention of a jury there could be no review of a general finding made by the trial court. The cases on this question will be found all collated in the notes to the respective sections in United States Code Annotated, and in Mason's United States Code Annotated.

[4, 5] Assignments 7 and 8 are to the effect that the judgment is contrary to law and contrary to the evidence. These assignments are too general to be noticed. However, they are not argued, and are abandoned by plaintiff in error. Assignment 9 was also not argued, and is abandoned.

The tenth assignment is: "The court erred in admitting Defendant's Exhibit No. 7 over plaintiff's objection." Exhibit No. 7 was a carbon copy of a letter purporting to have been written by the defendant in error to the plaintiff in error on August 29, 1923, in which he disputes the contention of plaintiff in error in certain letters as to an agreement that inspection should be had at Fort Worth. The ground of objection was that no proper foundation had been laid for the offer. The carbon copy was produced by defendant in error during the trial just previous to its offer. Demand was then made upon plaintiff in error's counsel for production of the original. Counsel declared that they did not have it, and had never heard of it, and insisted upon their objection upon the ground that notice of the demand had not been given before the trial, in order that they might search for it. The court then ruled as follows: "If you can't produce it, then this is admissible." The copy was received, the defendant in error having testified that he mailed the original to plaintiff in error at his address at McKinney, Tex.

Section 390, Courtright Code (of Colorado), is as follows:

"Sec. 2. There shall be no evidence of the contents of a writing other than the writing itself, except in the following cases: First. When the original has been lost or destroyed, in which case proof of the loss or destruction shall first be made. Second. When the original is in possession of the party against whom the evidence is offered, and he fails to produce it after reasonable notice."

[6] The question first occurs, whether we can review this error in view of the sections of the United States Statutes heretofore quoted. There was no waiver of the jury in writing filed with the clerk in this case. There was a waiver, however, in open court orally stated by counsel and agreed to. This waiver is found and embodied in the judgment of the court as follows: "This case came on to be heard before the court and jury. And the jury having answered a certain question propounded to them; thereupon a stipulation made and entered into in open court by the counsel for the parties respectively, it was agreed that the court should enter judgment after consideration of the arguments of counsel to be submitted in written briefs." The finding of the trial court clearly has reference to the stipulation embodied in the bill of exceptions as settled by the court. The Supreme Court of the United States, speaking through Mr. Justice Gray in Bond v. Dustin, 112 U. S. 604, 5 S. Ct. 296, 28 L. Ed. 835, and at the top of page 608 (58 S. Ct. 298), held:

"The record before us contains nothing to show that there was any stipulation in writing waiving a jury. The Circuit Court had authority to try and determine the case, whether the waiver was written or oral. In the finding of facts and in the judgment there is no statement upon the subject. The only evidence of a waiver of a jury is in the statement in the record that when the case came on for trial 'the issue joined by consent is tried by the court, a jury being waived'; and in the recital at the beginning of the bill of exceptions, 'The above cause coming on for trial, by agreement of parties, by the court, without the intervention of a jury.' The case cannot be distinguished, in any particular favorable to the plaintiffs in error, from those of Madison County v. Warren [106 U. S. 622, 2 S. Ct. 86, 27 L. Ed. 311] and Alexander County v. Kimball [106 U. S. 623, 2 S. Ct. 86, 27 L. Ed. 311], above cited, the latest adjudications upon the subject, both of which came up from the same court as the

present case. In one of those cases, the statement in the record was 'the parties having stipulated to submit the case for trial by the court without the intervention of a jury'; and, in the bill of exceptions, 'said cause being tried by the court without a jury, by agreement of parties.' In the other case, the statement in the record was in the very same words as in the case at bar; and in the bill of exceptions was in these words: 'Upon the trial of this cause before Hon. S. H. Treat, sitting as Circuit Judge, a jury being waived by both parties.' The necessary conclusion is that this court has no authority to consider the exceptions to the admission of evidence at the trial."

Upon cursory reading, one might think that it was implied that, had the trial court in its judgment found the waiver of the jury and the stipulation for trial to the court, that would have been sufficient under the existing sections. Revised Statutes, §§ 649 and 700. It must be observed, however, that this remark was only made by the way, and that the question of whether such finding by the trial court in the judgment would be sufficient to give the right of review was not before the court. The legion of express statements found in the decisions of the Supreme Court of the United States and all of the Circuit Courts of Appeals to the effect that the rulings of the trial court can only be reviewed when the jury is waived by stipulation in writing filed by the clerk, would seem to settle the question. However, this particular point has been recently reviewed by the Supreme Court of the United States in the case of Duignan v. United States, decided April 25, 1927, 47 S. Ct. 566, 71 L. Ed. 996. Mr. Justice Stone in the opinion uses this language:

"The right to a jury trial may be waived where there is an appearance and participation in the trial without demanding a jury. Kearney v. Case, 12 Wall. 275, 20 L. Ed. 395; Perego v. Dodge, 163 U. S. 160, 166, 16 S. Ct. 971, 41 L. Ed. 113. Section 649 of the Revised Statutes (Comp. St. § 1587) provides that issues of fact may be tried by the court without a jury, upon written stipulation of the parties, and that the finding of the court upon the facts shall have the same effect as the verdict of the jury. But this section does not preclude other kinds of waiver. Kearney v. Case, supra. Its purpose and effect, when read together with sections 648 and 700 (Comp. St. §§ 1584, 1668), is to define the scope of appellate review in actions at law without a jury. Unless there is a written stipulation waiving a jury, there

can be no review of the rulings on questions of law in the course of the trial or of the sufficiency of a special finding to support the judgment. See Law v. United States, 266 U. S. 494, 496, 45 S. Ct. 175, 69 L. Ed. 401. Cf. Fleischmann Co. v. United States, 270 U. S. 349, 355, 356, 46 S. Ct. 284, 70 L. Ed. 624. Appellant's failure to demand a trial by common-law jury amounted, we think, to a waiver of the constitutional right, if any, now claimed."

It follows that the record in this case presents no question for review in this court, and the judgment must be and is affirmed.