## SOLOMON et al. v. NEWBURGER et al.

Circuit Court of Appeals, Eighth Circuit.
October 9, 1929.

No. 8498.

W. G. Dinning, of Helena, Ark., for appellants.

Brewer & Cracraft, of Helena, Ark., for appellees.

Before KENYON and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge. January 26, 1928, appellees, comprising a partnership operating under the name of Samuel Newburger & Co., cotton brokers and members of the New York Cotton Exchange, doing business at No. 60 Beaver street, in the city of New York, brought suit in the District Court for the Eastern District of Arkansas against Lafe Solomon, Sophye Solomon, and Sophye Solomon as administratrix with the will annexed of the estate of Joseph L. Solomon, deceased, to recover the balance due on two promissory notes, aggregating $4,650, dated February 3, 1926 and executed by the said Joseph L. Solomon, Lafe Solomon, and Sophye Solomon. The defense pleaded was:

"That the said notes represent a balance due by the said Joseph L. Solomon to the plaintiffs herein in connection with the purchase and sale of future contracts in cot-

ton, which said contracts were gambling contracts from their inception, and that it was never the intention of either of the plaintiffs or the said Joseph L. Solomon, or either of these defendants that any portion of the cotton which was bought or sold in connection with said contracts should be actually delivered, but that it was in contemplation of both the plaintiffs herein, and these defendants and all the persons connected with the purchase or sale of said cotton that settlement should be made in accordance with the variations of the price of cotton on the Board of the Cotton Exchange in the city of New York, and that settlement was to be made by the respective parties to said contract in accordance with the difference between the contract price on the date of settlement and the price at which the said cotton was bought or sold, on the board."

It is testified that Lafe Solomon, the brother, and Sophye Solomon, the wife, of Joseph L. Solomon, signed for accommodation at the instance of the latter. Demand for payment was made upon Lafe Solomon and Sophye Solomon as individuals, and payment was refused. The notes were also exhibited to the administratrix as a claim against the estate of Joseph L. Solomon, and allowance was refused. It was the practice over a period of years of Joseph L. Solomon, a citizen of Helena, Ark., to place orders for the purchase and sale of cotton upon the New York Cotton Exchange with appellees as cotton brokers. Upon the execution of these orders, appellees issued memoranda, of which the following is an illustrative form:

"Samuel Newburger & Co.

"60 Beaver Street

"No. 13495

"New York, ——, 192—.

"M ———:

"Dear Sirs: In accordance with your instructions, we have this day made the following transactions for your account, for future delivery of cotton, subject in all respects to the rules and regulations of the New York Cotton Exchange, and subject to the United States Cotton Futures Act, section 5:

| ——— Bought | | | | Sold | | |
|---|---|---|---|---|---|---|
| Bales | Del. | Price | R'ks. | Bales | Del. | Price | R'ks |

"Respectfully,

"Samuel Newburger & Co.,

"Per ———.

"On all marginal business we reserve the right to close transactions, when margins are running out, without further notice, and to settle contracts in accordance with rules and customs of exchange where order is executed.

"Samuel Newburger & Company."

During his operations Mr. Solomon purchased, through the appellees, 2500 bales of cotton on the New York Cotton Exchange. All of these transactions were closed out prior to delivery dates, in accordance with the rules of the exchange and the Cotton Futures Act (26 USCA §§ 731–752). Losses resulted. These were paid by appellees, who handled the transactions as brokers, and the notes in suit closed the account. Payments were made on these notes until the death of Joseph L. Solomon, after which further payment was refused. At the hearing testimony was introduced to the effect that neither Joseph L. Solomon, nor either defendant, from the beginning, had intention that any of the cotton which was bought or sold should be actually delivered, but that it was the intention of appellants that settlement was to be made by the respective parties to said contracts in accordance with the difference between the contract price on settlement date and the price at which the cotton was bought and sold. But there was no competent evidence, except such as may legitimately be inferred from the procedure adopted and disclosed, that appellees harbored a like intention. At the close of the trial the court directed a verdict in favor of appellees.

The following errors are assigned:

"1. The verdict of the jury is contrary to law.

"2. The verdict of the jury is contrary to the evidence.

"3. The verdict of the jury is both contrary to law and without evidence to support it.

"4. The court erred in directing the jury to return a verdict in favor of the plaintiffs."

[1-3] The first three of these assignments fail to comply with rule 24 of this court, and they present nothing for our consideration. Lahman v. Burnes National Bank (C. C. A.) 20 F.(2d) 897; Harris v. Newsom (C. C. A.) 23 F.(2d) 652. Assignment No. 4 raises the question of whether the record discloses any substantial evidence in appellants' favor for the consideration of a jury. The contracts in question were New York contracts. Mullinix v. Hubbard (C. C. A.) 6 F.(2d) 109, 114. In that case it is held: "But he (the dealer) knew and intended that all purchases and sales were to be made for him by appellees on the New York Cotton Exchange, and their legality was governed

by the laws of that State, where they were valid contracts."

In Gettys et al. v. Newburger et al., 272 F. 209, this court, speaking through Judge Sanborn, said:

. "As a general rule, contracts for the purchase or sale of cotton, grain, or other personal property on the great public exchanges of the country, to be delivered in the future in accordance with the by-laws, rules, and settled usages of such exchanges, or in private between man and man, are lawful and valid, and the burden is on one who assails them to establish their invalidity by proof sufficient to overcome the legal presumption of validity.

"That the parties to a contract of sale for future delivery intend to close out the contract and settle their obligations, without delivering or paying for the commodity by sales, direct set-offs, or by ringing off before the time of delivery specified arrives, does not make or tend to prove the contract a wagering contract, as such methods of closing out such contracts are not illegal.

"Where contracts of sale for future delivery are closed out before the specified times for delivery, the legal presumption is, in the absence of substantial evidence to the contrary, that when the parties made the contracts they intended to close them out by the legal methods of sales, direct set-offs, or ringing off before time of delivery, and not by the illegal method of paying the difference between the contract price and the market price at the times of delivery."

Under the uniform decisions of this circuit, of the Supreme Court, and of the federal courts generally, the transactions disclosed by the pleadings and evidence, as herein cited, disclose no illegal intention on the part of appellees, and nothing to invalidate the notes in suit given to close these transactions. Gettys et al. v. Newburger et al., supra; Mullinix v. Hubbard, supra; Browne v. Thorn et al. (C. C. A.) 272 F. 950, affirmed 260 U. S. 137, 43 S. Ct. 36, 67 L. Ed. 171; Board of Trade of the City of Chicago v. Christie Grain & Stock Co., 198 U. S. 236, 25 S. Ct. 637, 49 L. Ed. 1031.

The cases cited fully establish the law governing transactions of this nature. It is deemed unnecessary to indulge useless repetition of the principles therein announced. There appears in the record no substantial evidence to warrant submission to the jury. It follows that the judgment below should be, and it is,

Affirmed.