## UNITED STATES v. FEDERAL COMMERCE TRUST CO.

### No. 9625.

Circuit Court of Appeals, Eighth Circuit.

April 10, 1933.

Louis H. Breuer, U. S. Atty., of Rolla, Mo., and Bryan Purteet, Asst. U. S. Atty., of St. Louis, Mo., for appellant.

Carter, Jones & Turney, E. H. Miller, and H. R. Small, all of St. Louis, Mo., for appellee.

Before STONE, GARDNER, and SANBORN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment based upon a general finding in an action at law in which a jury was waived and which was submitted to the court upon a stipulation of facts, without any motion by the appellant for judgment or request for findings of fact and declarations of law.

"For many years this court has laid down the rule that the question whether there was any substantial evidence to support a judgment for the opposite party can be raised, so as to be reviewable, only by a motion, request for a ruling, request for a declaration of law, or other equivalent action, at the close of the evidence; that such motion, request, or other equivalent action must be based upon a specific ground or grounds stated in apt words and brought sharply to the attention of the court; that a ruling must be obtained and an exception preserved. A general motion stating no grounds is not sufficient. The same rule applies to cases tried with a jury and to cases tried to the court where the statutory requisites waiving a jury have been fulfilled." Mansfield Hardwood Lumber Co. v. Horton (C. C. A. 8) 32 F.(2d) 851, 852. See, also, Ayers v. United States (C. C. A. 8) 58 F.(2d) 607, 608, 609; Mass. Bonding & Ins. Co. v. R. E. Parsons Electric Co. (C. C. A. 8) 61 F.(2d) 264, 267.

In Fleischmann Construction Co. v. United States, to the Use of Forsberg, 270 U. S. 349, 355, 356, 357, 46 S. Ct. 284, 287, 70 L. Ed. 624, the court said: "The opinion of the trial judge, dealing generally with the issues of law and fact and giving the reasons for his conclusion, is not a special finding of facts within the meaning of the statute. * * * And it is settled by repeated decisions, that in the absence of special findings, the general finding of the court is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions, as required by the statute. * * * To obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a

ruling on them. * * * That is, as was said in Humphreys v. Third National Bank [75 F. 852], supra, 855 (21 C. C. A. 542), 'he should request special findings of fact by the court, framed like a special verdict of a jury, and then reserve his exceptions to those special findings, if he deems them not to be sustained by any evidence; and if he wishes to except to the conclusions of law drawn by the court from the facts found he should have them separately stated and excepted to. In this way, and in this way only, is it possible for him to review completely the action of the court below upon the merits.'

"These rules necessarily exclude from our consideration all the questions presented by the assignment of errors except those arising on the pleadings. All the others relate either to matters of fact or to conclusions of law embodied in the general finding. These are not open to review, as there were no special findings of fact and no exceptions to the rulings on matters of law were taken during the progress of the trial or duly preserved by a bill of exceptions. The defendants offered no exceptions to the rulings of the court until after the writ of error had issued, transferring jurisdiction of the case to the Court of Appeals."

See, also, Harvey Co. v. Malley et al. (U. S.) 53 S. Ct. 426, 77 L. Ed. ——, opinion filed March 13, 1933.

By its assignments of error, the appellant challenges no ruling on the pleadings, no ruling of the trial court excepted to during the trial, and no denial of any request that the court adjudge that, under the agreed facts, the only result possible was a judgment in its favor. Since the appellant submitted this case to the lower court without a request for specific findings of fact and declarations of law or for judgment in its favor upon the sole ground that the facts would support no other conclusion, it virtually asked that court for a final determination of the controversy upon the facts as stipulated and the law as the court might determine the law to be. Under the circumstances, the decision of the lower court that, upon the stipulated facts, the appellee was entitled to judgment, became the law of the case, and this court cannot now investigate the correctness of that conclusion. This is not a case where, in order to prevent an obvious miscarriage of justice, an appellate court will notice a plain and vital error, though unassigned and unspecified. See Ayers v. United States (C. C. A.) 58 F.(2d) 607, 609, supra.

The judgment is affirmed.