## MILLER–CRENSHAW CO. v. COLORADO MILL & ELEVATOR CO.

### No. 10585.

Circuit Court of Appeals, Eighth Circuit.
July 20, 1936.

Arthur L. Adams, of Jonesboro, Ark., for appellant.

Glen A. Wisdom, of Kansas City, Mo. (Azro L. Barber, Elbert A. Henry, and J. A. Tellier, all of Little Rock, Ark., on the brief), for appellee.

Before GARDNER and SANBORN, Circuit Judges, and NORDBYE, District Judge.

GARDNER, Circuit Judge.

This is an action at law brought by appellee as plaintiff, to recover damages for breach of certain contracts for the purchase of flour. For convenience, we shall refer to the parties as they appeared below.

At the close of all the evidence, both sides moved for a directed verdict, and the court granted the motion of plaintiff, and directed the jury to return a verdict for $2,789.69. From the judgment entered on that verdict, defendant prosecutes this appeal.

Both parties having moved for a directed verdict, all disputed questions of fact were submitted to the court and both parties are concluded by its findings. We are limited to a consideration of the correctness of the court's conclusion on the law, and must affirm the judgment if there is any substantial evidence to support it. Such action by the parties is equivalent to a declaration that there are no disputed questions of fact, or a request that the trial judge find the facts. Williams v. Vreeland, 250 U.S. 295, 39 S.Ct. 438, 63 L.Ed. 989, 3 A.L.R. 1038; Beuttell v. Magone, 157 U. S. 154, 15 S.Ct. 566, 39 L.Ed. 654; Sena v. American Turquoise Co., 220 U.S. 497, 31 S.Ct. 488, 55 L.Ed. 559; American Surety Co. v. Republic Casualty Co. (C.C.A.8) 42 F.(2d) 807; Southern Surety Co. v. Fidelity & Casualty Co. (C.C.A.8) 50 F. (2d) 16; Springfield Fire & Marine Ins. Co. v. National Fire Ins. Co. (C.C.A.8) 51 F.(2d) 714, 76 A.L.R. 1287; Detroit Fidelity & Surety Co. v. United States (C. C.A.8) 59 F.(2d) 565; New York Life Ins. Co. v. McCreary (C.C.A.8) 60 F.(2d) 355. The verdict in this case must, therefore, be given the same effect as a verdict regularly returned by the jury.

As its first assignment of error, defendant urges that the court erred in refusing to dismiss the suit for want of jurisdiction at the close of all the testimony, because, it is alleged, counsel for plaintiff, by permission of the court, amended its complaint so as to show that the amount in controversy was less than $3,000, exclusive of interest and costs. First, it should be observed that we have searched the record,

and we do not find that there was any motion to dismiss for want of jurisdiction interposed; and, second, it is noted that plaintiff's request to amend its complaint was not granted by the court. The court simply directed a verdict for an amount less than that claimed in the complaint, and less than the amount necessary to confer jurisdiction, had this been disclosed by the pleadings. As the matter goes to the jurisdiction of the court, however, we shall notice the contention, even though it was not properly brought to the attention of the lower court. McNutt v. General Motors Acceptance Corp., 56 S.Ct. 780, 80 L.Ed. ——; Equitable Life Assur. Society v. Rayl (C.C.A.8) 16 F.(2d) 68; Dyar v. McCandless (C.C.A.8) 33 F.(2d) 578; Robinson v. Edler (C.C.A.9) 78 F.(2d) 817.

The complaint asked for damages in the sum of $4012.03, for the alleged breach of certain contracts for the sale of flour. When counsel for plaintiff moved for a directed verdict, he conceded that his proof was not sufficient to entitle him to recover for damages for the alleged sale of 500 barrels of flour included in his cause of action. Generally speaking, with certain exceptions not here material, the amount in controversy for jurisdictional purposes is to be determined not by the amount plaintiff is able to prove, but by the amount demanded in his complaint, if such demand is made in good faith. By good faith is meant that the sum demanded in the pleading is the real matter put in dispute, and not so clearly fictitious as to make it legally certain that the amount alleged was merely to confer jurisdiction because clearly beyond reasonable expectation of recovery. This is particularly true in an action sounding in damages. Southwestern T. & T. Co. v. Walker Grain Co. (D.C.) 3 F. (2d) 819; Kunkel v. Brown (C.C.A.4) 99 F. 593; O. J. Lewis Mercantile Co. v. Klepner (C.C.A.2) 176 F. 343; Interstate Bldg. & Loan Ass'n v. Edgefield Hotel Co. (C.C.) 109 F. 692; Put-In-Bay Waterworks, L. & Ry. Co. v. Ryan, 181 U.S. 409, 21 S.Ct. 709, 45 L.Ed. 927; Hilton v. Dickinson, 108 U.S. 165, 2 S.Ct. 424, 27 L.Ed. 688; Barry v. Edmunds, 116 U.S. 550, 6 S.Ct. 501, 29 L.Ed. 729.

The record discloses that proof was submitted by plaintiff in support of its claim for damages on account of the alleged sale of 500 barrels of flour, and it is argued that the evidence in support of this claim was substantial. On examination of the record, we think it cannot be said that the claim for damages on this item was fictitious or made in bad faith.

It is charged that the court "erred at the close of all the testimony in directing the jury to return a verdict for the plaintiff of $2789.69." This assignment, liberally construed, may raise the question of whether the record discloses any substantial evidence to support the verdict of the jury as directed. If there were any disputed questions of fact, we must assume that they were all decided by the court in favor of the plaintiff. We have carefully examined the record, and are of the view that the verdict is abundantly sustained by the evidence. The evidence is practically without dispute. A review of it would seem to serve no useful purpose.

A number of matters are discussed in briefs of counsel which we think are not supported by any proper assignments of error. For instance, it is charged that the court "erred in finding and holding as a matter of law that Allein Beall acted as the mutual agent of the parties to the suit for the purpose of executing a memorandum in writing which removed the transactions, or alleged contracts, between the parties from the operation of the statute of frauds." This is typical of the assignments of error. This assignment of error is general and indefinite. The court made no special findings, but instructed the jury to return a verdict for plaintiff, and we are directed to no place in the record where any ruling can be found to which this assignment might be applicable. The object of the rule, requiring "a separate and particular statement of each assignment of error intended to be urged, with the record page thereof. When such error is as to the admission or rejection of evidence, the statement shall quote such evidence with the rulings thereon, giving pages of the printed record where it occurs. When such error is as to the charge of the court, the statement shall quote the portion of the charge or the requested instruction refused which is claimed as error, giving pages of the printed record where it occurs," is to so present the matter raised that this court may understand what the question is without going beyond the assignment itself, and, also, that the party assigning error may be confined to the objection taken at the time, which must then have been stated specifically. An assignment is not sufficient which simply invites the court to search

the record for error. Ed. S. Michelson, Inc., v. Nebraska Tire & Rubber Co. (C. C.A.8) 63 F.(2d) 597; Lahman v. Burnes National Bank (C.C.A.8) 20 F.(2d) 897; McClendon v. United States (C.C.A.8) 229 F. 523; Harris v. Newsom (C.C.A.8) 23 F.(2d) 652; Solomon v. Newburger (C.C. A.8) 35 F.(2d) 328; Allen v. Hudson (C. C.A.8) 35 F.(2d) 330; Schmidt v. United States (C.C.A.8) 63 F.(2d) 390. We have gone over each assignment of error contained in the brief. Aside from a reference to the ruling of the court in directing a verdict, they refer to no ruling of the court which, with the aid of these assignments, can be found in the record.

The judgment appealed from is affirmed.