## ARMSTRONG v. METROPOLITAN LIFE INS. CO.

### No. 10546.

Circuit Court of Appeals, Eighth Circuit.

Aug. 13, 1936.

See, also, Metropolitan Life Insurance Company against Armstrong (C.C.A.) 85 F.(2d) 187.

Sidney W. Smith, of Omaha, Neb., for appellant.

Emmet S. Brumbaugh, of Omaha, Neb. (Harley G. Moorhead, of Omaha, Neb., on the brief), for appellee.

Before GARDNER and SANBORN, Circuit Judges, and NORDBYE, District Judge.

GARDNER, Circuit Judge.

Appellant, as plaintiff below, brought action against appellee upon three causes of action joined in one petition. The first and second causes of action were for the recovery of amounts alleged to be due the plaintiff upon two life insurance policies insuring the life of Charles D. Armstrong, husband of appellant, in which policies appellant was named as beneficiary. These first two causes of action were regularly tried to the court and a jury, and are not here involved.

The third cause of action was for the recovery of interest upon the proceeds of life insurance policies aggregating $79,049.-41, from the date on which plaintiff claimed they should have been paid, to the date on which payment was in fact made. For some reason not disclosed by the record, this third cause of action was not tried with the first two causes of action, but on written stipulation of the parties was separately tried to the court without a jury.

It is disclosed by the pleadings that while the insurance company acknowledged its liability on these policies, it had been notified that the insured was indebted to some various persons or corporations; that the amount of indebtedness of the insured could not be ascertained until all claim days had passed and a hearing held on claims in the probate court of Douglas county, Neb., that pending the hearing on claims in said estate, the insurance company being desirous of paying the claims on said policy as promptly as could be done with safety, in view of the Nebraska statute, which provided that when the annual premium on life insurance should exceed $500, the proceeds of the insurance should not be exempt to the excess, "but all money accruing thereunder or under like policies by virtue of such excess, shall enure to the benefit of creditors of the person paying the same, whether such person is the insured or a beneficiary," and being of the belief that the claims would not exceed one-half of the amount payable on the principal sum of said policies, the insurance company offered to pay plaintiff one-half of the principal sum; that after the order barring further claims was entered in the matter of the probate of the insured's estate, it offered to pay the balance due on the principal sums. These payments were accepted by appellant, reserving, however, the right thereafter to sue for interest on the amounts withheld.

The parties stipulated that, "The following exhibits and evidence may be re-

ceived without objection." The stipulation then enumerates various exhibits, including various life insurance policies, various loan certificates, a number of photographs, order of the probate court of Douglas county barring claims in the estate of Charles D. Armstrong, deceased, list of real estate properties contained in the inventory filed in the estate of Charles D. Armstrong, deceased, with other specific statements. Paragraph 10 of the stipulation reads as follows: "That with reference to the third cause of action which is to be tried to the court, either party may use and make reference to any of the testimony given at the trial of the other two causes of action, or may produce other testimony."

The court entered judgment in favor of the defendant, finding generally for it and against the plaintiff, concluding as a matter of law that the plaintiff was entitled to no interest on the principal sums due. The court also found generally for the plaintiff and against the defendant as to defendant's counterclaim, and the judgment recites that, "It is, therefore, adjudged and decreed that the third cause of action of the plaintiff against the defendant and the counter-claim of the defendant against the plaintiff be and the same are in all things dismissed. Plaintiff excepts to judgment on third cause and exception allowed."

The record contains no bill of exceptions. Plaintiff made no request for findings, for declarations of law, nor for judgment upon the pleadings and evidence. The assignments of error are as follows:

"1. The court erred in dismissing the third cause of action.

"2. The judgment is contrary to law.

"3. The judgment is not sustained by the evidence.

"4. The court erred in finding for the defendant and against the plaintiff.

"5. The court erred in finding that there was not sufficient evidence to sustain the third cause of action.

"6. The court erred in finding the plaintiff was not entitled to interest from the date of delivery of proofs of loss at the office of the defendant in New York City.

"7. The court erred in finding that no interest was due to the plaintiff.

"8. The court erred in overruling the plaintiff's motion for a new trial."

In this state of the record, the scope of review is very limited. The stipulation is not as to ultimate facts, but merely presents evidence from which ultimate facts may be found.

Section 773, 28 U.S.C.A., provides: "Issues of fact in civil cases in any district court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, agree to waive a jury by a stipulation in writing filed with the clerk or by an oral stipulation made in open court and entered in the record. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

Section 875, 28 U.S.C.A. provides: "And when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

As the agreed statement was of the evidentiary, and not the ultimate, facts, the sufficiency of the agreed statement of facts to support the judgment cannot be reviewed. White v. United States (C.C.A. 10) 48 F.(2d) 178; Johnson v. First Nat. Bank & Trust Co. (C.C.A.10) 78 F.(2d) 535; Valenti v. Prudential Ins. Co. (C.C.A. 8) 71 F.(2d) 229; Kentucky Life & Acc. Ins. Co. v. Hamilton (C.C.A.6) 63 F. 93.

But there is a further reason why the sufficiency of the evidence cannot be considered by this court. The judgment is based upon a general finding. Plaintiff made no request for findings or declarations of law and no motion for judgment in its favor based upon the pleadings and evidence, nor by any equivalent proceeding did she challenge the sufficiency of the evidence in the lower court. United States v. Federal Commerce Trust Co. (C.C.A.8) 64 F.(2d) 679; Anderson v. United States (C.C.A.8) 65 F.(2d) 870; Hawthorne v. Bankers' Life Co. (C.C.A. 8) 63 F.(2d) 971.

If these insuperable hurdles could be passed, it would be of no avail to plaintiff, because the assignments of error are too general to present anything for review by this court. McClendon v. United States (C.C.A.8) 229 F. 523; Radetsky v.

187

Gramm-Bernstein Motor Truck Co. (C.C.A.8) 4 F.(2d) 965; Lahman v. Burnes Nat. Bank (C.C.A.8) 20 F.(2d) 897; Harris v. Newsom (C.C.A.8) 23 F.(2d) 652; Solomon v. Newburger (C.C.A.8) 35 F.(2d) 328; Allen v. Hudson (C.C.A.8) 35 F.(2d) 330; Schmidt v. United States (C.C.A. 8) 63 F.(2d) 390; Anderson v. United States (C.C.A.8) 65 F.(2d) 870.

On this record the only matter that could properly have been presented was whether or not the pleadings and finding of the court support the judgment. This question is not raised by any assignment of error, but it is quite apparent that the judgment is sustained by the pleadings and general findings, and hence, it must be affirmed.