**JOHNSON v. FREDRICK.**

Civ. No. 132–49.

United States District Court
D. Nebraska, Omaha Division.

Nov. 1, 1949.

John Samson, Omaha, Nebraska, for plaintiff.

Stanley M. Rosewater, Omaha, Nebraska, for defendant.

DONOHOE, Chief Judge.

The plaintiff's complaint in this cause sets forth a claim for personal injuries claimed to have been sustained by him, due to a collision between a 1941 Plymouth sedan driven by the defendant's son, as her agent, and a certain scooter driven and operated by plaintiff.

The accident occurred on or about the 17th of August, 1946, on a public highway.

The plaintiff alleges that as a result of acts of negligence on the part of the driver of the defendant automobile he sustained the following permanent injuries, to wit:

(a) Severe concussion of the brain which rendered him unconscious and delirious.

(b) Severe bruises and abrasions about the head, neck, back, shoulders and arms.

(c) Severe shock to his entire nervous system.

(d) Severe bruises, lacerations and contusions to his entire body.

The further general allegation is made, to wit:

That the aforesaid injuries are of a permanent nature and have caused and will cause the plaintiff for a long period of time severe and excruciating pain.

The plaintiff demands judgment in the sum of $10,000.

The defendant filed his motion to dismiss on the ground that the Court lacks jurisdiction because the amount actually in controversy is less than $3,000, exclusive of interest and costs; also to dismiss because the complaint fails to state a claim against the defendant, upon which relief can be granted; and in the alternative, for a medical examination, and for a more definite statement, for a bill of particulars with plaintiff's medical reports attached, for an order of the court permitting an examination of the records of the Lutheran Hospital with reference to the plaintiff's alleged injuries and confinement there as a result of this alleged accident.

This motion has now been submitted to the Court, supported by oral argument, pro and con. by the attorneys above mentioned.

The Court, at the outset, desires to note that the jurisdiction of this court is a limited jurisdiction, and being a limited jurisdiction, the Court is required, at all stages in the proceedings, to look to its

618

jurisdiction. The most recent case supporting this proposition is the case of Paul V. McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; and in this, the Eighth Circuit, the case of Miller v. First Service Corporation, 84 F.2d 680, 109 A.L.R. 1179; also the case of Miller-Crenshaw Co. v. Colorado Mill & Elevator Co., 8 Cir., 84 F.2d 930, filed July 20, 1936, opinion by Chief Circuit Judge Gardner.

In considering the motion of the defendant, the Court, for reasons hereinafter stated, will consider only the challenge to the jurisdiction of the Court. The ground asserted is that the actual amount involved and set forth in this claim is less than $3,000 and not sufficient to confer jurisdiction on the Court.

The rule is very well established that the complaint must set forth facts, on its face, showing jurisdiction of the Court, and it is likewise very well established, and has been for many years not only in this circuit, but by the Supreme Court of the United States, that the amount in controversy, for jurisdictional purposes, is to be determined not by the amount plaintiff is able to prove, but by the amount demanded in his complaint, if such demand is made in good faith. By "good faith" is meant that the sum demanded in the pleading is the real matter put in dispute, and not so clearly fictitious as to make it legally certain that the amount alleged is merely to confer jurisdiction because clearly beyond reasonable expectation of recovery. This is particularly true in an action sounding in damages. Southwestern Telegraph & Telephone Co. v. Walker Grain Co., D.C., 3 F.2d 819; Kunkel v. Brown, 4 Cir., 99 F. 593; O. J. Lewis Mercantile Co. v. Klepner, 2 Cir., 176 F. 343; Interstate Bldg. & Loan Ass'n v. Edgefield Hotel Co., 4 Cir., 109 F. 692; Put-In-Bay Waterworks Light & Railway Co. v. Ryan, 181 U.S. 409, 21 S.Ct. 709, 45 L.Ed. 927; Hilton v. Dickinson, 108 U.S. 165, 2 S.Ct. 424, 27 L.Ed. 688; Barry v. Edmunds, 116 U.S. 550, 6 S.Ct. 501, 29 L.Ed. 729; Miller-Crenshaw Co. v. Colorado Mill Elevator Co., 8 Cir., 84 F.2d 930, filed July, 1936.

The allegation of the motion that the complaint fails to state a claim against the defendant, upon which relief may be granted, should perhaps receive mention in passing.

The Rules of Civil Procedure, 28 U.S.C.A., under which this Court is governed, are modern. By these rules it is not necessary to state a cause of action in this court. All that is necessary is a sufficient allegation to show a claim upon which relief might ultimately be proven, or obtained, as a result of the evidence adduced upon the trial. Pleadings are no longer paramount in the trial of a case in this court. We now try our cases upon the evidence. We are fully equipped to require the evidence to be produced at the proper time. To say that the claim filed here may not ultimately be proven is not to deny the jurisdiction of the court. That is for determination at the trial.

The question of damages, aside from the injuries, is based on pain and suffering. In connection with pain and suffering, in an action for damages, there is no yardstick by which the Court can measure recovery, and the law is firmly established that recovery for pain and suffering is a matter for a jury, in its sound discretion and good judgment, to fix and arrive at from all the facts and circumstances as shown by the evidence; so, it is idle to say that in this case it is a matter for the Court to determine whether or not there can be recovery for $3,000, or more. It would be a matter of mere conjecture, based upon faulty reasoning, to say that plaintiff's demand for more than $3,000 is not made in good faith here; that the matter put in dispute is so clearly fictitious as to make it legally certain that the amount alleged is merely to confer jurisdiction, because clearly beyond reasonable expectation of recovery.

As to the motion in the alternative for a medical examination, and for a more definite statement, and for a bill of particulars, with plaintiff's medical reports attached, and so forth, the rule is very firmly established in this district by many decisions of both judges, several of which

have been published and will be found in the Federal Supplement, that the only disclosure, by motion, in the form of a bill of particulars that the Court will require, touches matters necessary to formulate a suitable answer to the complaint. No such claim is made here that the defendant is without sufficient facts to warrant him in preparing and filing his answer. The Court will not waste its time or incur expense in preparation for trial until the issues are established by the pleadings and the Court finds itself in a position to determine, from the issues, what is material and competent.

The Rules of Civil Procedure furnish ample means for the disclosure of all the evidence. The rule that is most frequently followed is the rule providing for a pre-trial investigation after the issues are established. In the pre-trial, in the presence of the Court, as part of the trial but preliminary to the jury trial, the defendant will have the privilege and opportunity to demand and receive admissions or denials; explanations; to require the production of all papers; examinations by doctors, where written reports are submitted. The rule requires that when such demand is made, if made by defendant, the defendant will be required to return in kind, copies of any examinations which he has had made. As to hospital records, if the plaintiff has such records under his control, the Court will require him to produce such records for examination, not only by the Court, but by counsel for the defendant. As to a situation where plaintiff has no control, the Court will assist the attorneys in securing photostatic copies of all hospital records and files, where any exist that can be located and established.

The motion asking for this information is a motion in preparation for trial. It is premature. We are not ready to prepare for trial until we know what we are going to try.

If the pre-trial investigation is not desirable, the rule provides for written interrogatories that the defendant may propound to the plaintiff, when the issues are made, which, if not answered within ten days by the plaintiff, the answer most favorable to the defendant, or the party filing, will be accepted as the fact. If the answers are not satisfactory, the procedure is to file a motion either to suppress the interrogatories or to require a more definite and clear statement of the matter sought to be obtained by the questions.

As I stated before, the case is tried on the evidence. If it appears on the face of the complaint that the defendant is entitled to relief, under the rule it is the duty of the Court to grant such relief to which he may be entitled as shown by the evidence; not from the pleadings. The Court is directed to grant relief whether asked for or not, or in the alternative. It is not so much what you demand when the evidence is submitted to the Court and the Jury, but a question of what you are entitled to, and that is the amount you will get.

The Court, for the reasons stated, overrules the motion in toto.

Defendant, upon application, is granted thirty days in which to file answer to the complaint.