Mr. Justice MILLER.
 

 The appellees in this case, who were the defendants in the Circuit Court, hold the real estate, which is the subject of this controversy, by inheritance from their father, William Dewees. The title of Dewees was a deed from the Corporation of Washington City, made August 29th, 1836, on a sale for taxes. It seems to be admitted on. all sides that this deed vested the legal title in Dewees, and that it is valid in his'heirs, unless the plaintiffs shall be permitted to redeem from ' said sale, and have the deed set aside for reasons set forth by them in their bill.
 

 The property in question was conveyed by Robert Morris, in 1796, to Joseph Ball and Standish Eorde. Forde was then doing business in Philadelphia as a merchant, in partnership with one John Reed, and died about the year 1806 or 1807, leaving the mercantile firm insolvent. Shortly after Forde’s death, Reed, the surviving partner, conveyed all the partnership property to William Paige, of Philadelphia, by deed of assignment for the benefit of creditors; and in the schedule attached to the instrument of assignment is included the property thus conveyed by Morris to Ball & Forde. This instrument is dated December 42th," 1807.
 

 On the 18th of September, 1833, William Paige, as assignee of Reed, surviving partner of Reed & Forde, entered into a written agreement with William Dewees, the defendants’ ancestor, 4n reference to this property; the substance of which is briefly ibis:
 

 
 *615
 
 Dewees was to take charge of the property, and redeem it from any tax sales which had already been made, and for which the time of redemption had not expired. He was to pay all future taxes, and all the expenses incident to sales .of lots to be made by himself, for which he was furnished, with a power of attorney by Paige. The money for all these taxes and expenses he was to advance, except a sum of about two or three hundred dollars, which was supposed to be in the hands of the Treasurer of Washington City, belonging to Reed & Forde, arising in some way out of sales for taxes already made. His compensation for all this was, that, after deducting his advances and interest from the proceeds of sales made by him, he was to have one-third of the remainder of such proceeds.
 

 It appears that Dewees acted fairly under this arrangement for about three years; making advances to'redeem the property where it had been sold for taxes, and paying the accruing taxes, until he had advanced about $900. He then not having sold any of the property, nor realized anything from it in any other way, permitted it to be sold for taxes and bought it in himself, and took the corporation deed already mentioned of the 29th of August, 1836. He died on the • 3d of September following. On the 10th of April, 1837, Paige, the assignee, by regular power of attorney, appointed Andrew Rothwell, one of the complainants, his agent, with authority to sell lots, to procure partition, and to make settlement with the heirs and representatives of. Dewees. In 1841, Robert Smith was, by a decree of Court, appointed assignee in place of Paige, who had died; and in 1846 said Smith quit claimed, and released to Rothwell all the right, title, and interest which he had as such assignee, in the property now in dispute. The complainant, Rothwell, also procured deeds of conveyance to himself and his co-plaintiffs, Naylor and Smith, from several persons describing themselves as heirs of Standish Forde, of their interest in the same property.
 

 , Rothwell Smith, and Naylor then filed their bill in Chancery against the defendants, one of whom is Rothwell’s wife, praying to be permitted to pay the sum with interest which William
 
 *616
 
 Dewees had paid for his tax deed, and to have said deed set aside.
 

 After the suit had progressed for some time, the other ap- • pellant, Robert S. Forde, filed a petition to be admitted as a party' plaintiff, on the ground that he was a grandson and an heir-at-law' of Standish Forde, and entitled to redeem for his share,
 

 The Court dismissed or overruled the petition of Robert S. Forde to be made a party, and, on final hearing, it dismissed the bill as to complainants, Naylor and Smith, and decreed that Roth well, in his purchase from Robert H. Smith, the assignee of John Reed, should be held to be trustee for himself and wife, aüd the other defendants, heirs of Dewees; and that the defendants should make contribution to him, in payment of the sum so paid by him to Smith, and for taxes afterward paid by him on the property.
 

 From this decree Robert S. Forde and the original complainants appeal.
 

 The first question to be considered arises from the action of the Court in dismissing Forde’s petition. It is clear that if Forde had any title or interest in the property, it was a legal title, and no obstruction is seen to the assertion of that legal title against the defendants, in a Court of law.
 

 That Court is the appropriate one to settle the conflict growing out of the legal title derived by Robert S. Forde from his ancestor, and the title claimed by defendants under the tax deed firom the City of Washington. If he has any right to redeem from the sale for taxes it must be a legal right, which he can exercise without the aid of a Court of Chancery. In his petition asking to be made a party, he claims that Dewees must be considered as the agent of Forde’s heirs, as well as the agent of Reed’s assignee, under his agreement with Paige. This, claim, however, cannot be sustained. The partnership óf Reed & Forde was insolvent. The assignment was made for the benefit of creditors, and the claim of the assignee to the lots in question was adverse to the claim of Forde’s heirs. The assignee had thus claimed them for oearlv thirty years, when Dewees became the agent of Paigo.
 
 *617
 
 There can. be no pretence then that Dewees was agent for Fcrde’s heirs, or occupied towards them any relation of trust or confidence. No ground of equitable jurisdiction is perceived on which Robert S. Forde could assert his title in á Court of Chancery against the defendants, and his petition was‘properly overruled.
 

 The next objection to the decree, namely, the dismissal of the bill as to complainants, .Naylor and Smith, is based upon almost the same ground as that just considered.' These parties have conveyances from individuals, who describe themselves in the deeds as heirs of Standish Forde, and in addition to this the bill alleges that they were partners in the purchase made'by Roth-’ well from the assignee of Reed. If it be admitted- that the parties who made the conveyance to Naylor and Smith were the heirs of Standish Forde, it would not place those complainants in. any other or better position than that of Robert S. Forde. But Naylor and Smith being original plaintiffs, had. an opportunity to prove their case at the final hearing, and failed to produce any evidence that their grantors were the heirs of Forde. It cannot be pretended that the recital of that fact in théir deeds can be evidence against parties not claiming under them, and we have failed to discover any , other evidence of it in the record.
 

 Nor is there any evidence that these parties were interested in the purchase made by Rothwell from Smith, the assignee. If that fact, however, were established, we do not see that they could claim to occupy any better position than Rothwell, since they permitted him to take the conveyance to himself, without any mention of their rights in the purchase.'
 

 We come now to consider that portion of the decree which concerns Rothwell and the defendants. This must be supported, if at all, upon the two-fold operation of the principle that a purchase of an outstanding title or interest in property, by a person sustaining certain relations to others interested in the same property, should, at the option of the latter, enure to their benefit; the application being in this case made, first, to the purchase of the tax title by Dewees, agent for Paige, the assignee; and,
 
 *618
 
 secondly, to the purchase made by Rothwell from the assignee, he being the husband of one of the tenants in common who held . the property as heirs of Deweés.
 

 So far as the tax title acquired by Dewees is concerned, there can be no doubt that the principle is correctly applied. As the agent of Paige, it was his duty to pay these, taxes, and to pre vent the sale of the lots. In violation of this duty he permitted the lots to be sold, and himself became the purchaser. Besides his general duty as agent, he had expressly covenanted, in writing, that he would, out of his own funds, advance the money .and pay these taxes. There is .nothing in law or morality plainer than that his purchase must be held to be in trust for the benefit of his principál, on repayment of the sum advanced by him. 1 Story Eq., sections 315, 1211, 1211a; Story on Agency, sections 210, 211; 8 Vesey R., 337. The defendants, who are his heirs,' can stand in no better condition than he would if he were alive. • ■
 

 In regard to the application of the principle to the purchase of Rothwell from Smith, the successor of Paige in the assignment, it is claimed by defendants, that Rothwell is to be treated as having a common interest with them in the title derived from Dewees, and that his' purchase of the outstanding equity of Reed’s assignee, must enure to the common benefit of the co-tenants of thát title.
 

 In the case of
 
 Van Horne
 
 vs.
 
 Fonda,
 
 (5 Johns. Chy. R., 407, the rul¿ is very fully laid down by Chancellor Kent, that where two devisees or tenants in common hold under an imperfect title, and one of them buys in the outstanding title, such purchase will enure to their common benefit upon contribution made to repay the-purchase-money. The same point is also decided in
 
 Farmer and Arnold
 
 vs.
 
 Samuels, et al.,
 
 (4 Littell R., 187.) The soundness of the principle is not denied by counsel for plaintiff, as applicable to persons strictly tenants in common, or joint tenants, or others ' having an equality of interest or estate; but it is said that the complainant in this,case is not tenant in common, but that his interest is at most only tenant by the courtesy, of his wife’s interest, and that even that -is doubtful; and that there is no
 
 *619
 
 equality of interest as between him and the defendants. In this connection much stress is laid by counsel upon the language of the Court in
 
 Van Horne
 
 vs.
 
 Fonda,
 
 to the effect, that in that case there was an equality of estate between the co-devisees. It does not appear to us, however, that any particular force was given to that fact by the learned judge, but rather that the rule was based on a'community of interest in a common title, which created such a relation of trust and confidence between the parties, that it would be inequitable to permit one of them to do any thing to the prejudice of the other, in reference to the property so situated. It seems, to us that the true reason of the rule applies as forcibly to the husband of a tenant in common, as to one of the immediate co-tenants. This seems also to.have been the opinion of the Court of Appeals of Kentucky in the case of
 
 Lee and Graham
 
 vs.
 
 Fox,
 
 (6 Dana’s R., 176.) It was decided in that case that the husband of a co-heiress, who had purchased an outstanding incumbrance on the lands of the heirs should be held to have purchased for the benefit of all the tenants, upon condition only that they should contribute their respective proportion of the consideration actually paid for the incumbrance.
 

 We
 
 are quite satisfied with this as a rule of equity, sustained as it is by authority and sound principles of morality, and as the decree of the Circuit Court was in conformity to it, it must be affirmed.