CHARLES M. HITCHCOCK, Respondent, v. JEREMIAH CLARKE, Appellant.

No. 4810; December 17, 1876.

**Mortgage—Effect of Foreclosure on Title.**—A decree in a mortgage foreclosure case precluding a person from asserting any right acquired from the mortgagors after the execution of the mortgage would not devest him of any rights held paramount to the title of the mortgagor.

Cotenants—Acquisition of Adverse Title Through Mortgage.—
Tenants in common of land subject to a mortgage have such a com-
munity of interest as precludes one from acquiring an adverse title
as to the other through such mortgage or the payment of it without
affording the co-owner an opportunity of paying his proportionate
share and enjoying the benefit.

APPEAL from Fifteenth Judicial District, San Francisco
County.

W. W. Cope for respondent; Williams & Thornton for ap-
pellant.

By the COURT.—The complaint in the action of Kane v.
Castro et al. alleged "that the defendants Alexander Finance
and Charles M. Hitchcock have, or claim to have, some interest
in or claim upon said premises hereinbefore described, or some
part thereof, as purchasers, mortgagees, judgment creditors
or otherwise, which interest or claims are subsequent to and
subject to the lien of the plaintiff's mortgages." The decree
in that action would preclude the present plaintiff from
asserting any right acquired from the mortgagor after the
execution of the mortgage, but it did not devest him of any
rights held paramount to the title of the mortgagor: Freeman
on Judgments, sec. 303; Frost v. Koon, 30 N. Y. 444; Lewis
v. Smith, 11 Barb. (N. Y.) 156; Bank of Orleans v. Flagg, 3
Barb. Ch. (N. Y.) 318. The land of the plaintiff was not sub-
ject to the lien of the second mortgage mentioned in the com-
plaint in Kane v. Castro et al., and the plaintiff's right and
estate were in no way affected by the decree in that action,
in so far as it provided for the foreclosure of the second mort-
gage.

The plaintiff and defendant were tenants in common in
possession of the land subject to the first of the two mort-
gages. They had, therefore, such a community of interest in
a common title as precluded the defendant from acquiring an
adverse title, without affording the plaintiff a reasonable
opportunity, on payment of his proportionate share of the
expense of its acquisition, to enjoy the benefit of such title:
Rothwell v. Dewees, 2 Black (U. S.), 613, 17 L. Ed. 309. As
this case is presented by the transcript, it neither appears,
when the present action was brought, nor with any precision,

at what time the plaintiff offered to contribute his share of the first mortgage debt and of costs and expenses of foreclosure. It was his duty, within a reasonable time after he became apprised that defendant intended to claim to be the sole owner by virtue of the foreclosure and sheriff's deed, to make his election to claim the benefits and contribute to the expense of the foreclosure title.

As the case presents itself, we cannot, in opposition to the decision of the court below, say that he was guilty of such laches as should deprive him of his right to maintain this action.

Judgment and order affirmed.

Wallace, C. J., did not express an opinion.