## WELLHOUSE v. UNITED PAPER CO. et al. (two cases).

Circuit Court of Appeals, Fifth Circuit.
January 7, 1929.

No. 5367.

E. Marvin Underwood, of Atlanta, Ga., (Underwood, Haas & Gambrell, of Atlanta, Ga., on the brief), for appellant.

Bryan & Middlebrooks, of Atlanta, Ga., for interpleader Mutual Life Ins. Co.

John A. Sibley and Spalding, MacDougald & Sibley, all of Atlanta, Ga., for appellee United Paper Co.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. On April 7, 1925, the Mutual Life Insurance Company of New York issued a policy of insurance on the life of Alvin Wellhouse in the sum of $50,000, payable to United Paper Company, its successors or assigns. At that time the insured and his brother Louis Wellhouse were the principal stockholders of the United Paper Company; Louis being the president, and Alvin the vice president and the principal executive officer, of the company. The policy was obtained pursuant to an agreement between the brothers that it be taken out for the benefit of the paper company. Prior to the making of that agreement, the brothers several times had discussed the question of business insurance. After the brothers had so agreed, Alvin Wellhouse, in his own name, made application to the insurance company for $50,000 insurance on his life upon the ordinary life plan, naming as beneficiary "United Paper Company Business." That application was made on a printed form which contained the following: "12. I reserve the privilege of changing the beneficiary. (If not desired, state No.)......"

Nothing was inserted in the space containing the dotted line. The policy issued in pursuance of that application contained the following:

"If the interest of a beneficiary shall have vested in the Insured, or if the right to change the beneficiary has been reserved, the Insured, if there be no existing assignment of this Policy, may, from time to time, while this Policy is in force, designate a new beneficiary, with or without reserving the right to change the beneficiary, by filing written notice thereof at the Home Office of the Company accompanied by this Policy for suitable indorsement hereon. Such change shall take effect upon the indorsement of the same on the Policy by the Company.

"The right to change the beneficiary has been reserved."

So far as appears, the matter of a change of beneficiary was not mentioned in any discussion or agreement preceding the application for the policy. On the same medical examination, Alvin Wellhouse obtained an additional $10,000 of insurance, payable to his wife. The amount of the first premium on

the first-mentioned policy was paid out of funds of the paper company and was not charged to the account of Alvin Wellhouse. The subsequent premiums were paid in the same way. On July 1, 1926, Alvin Wellhouse severed his connection with the paper company, having sold his stock to his brother Louis and members of the latter's family. The policy in question had no cash surrender value until three premiums should be paid, and nothing was said or done about it in the transactions which resulted in Alvin Wellhouse ceasing to have any connection with the paper company. On July 24, 1926, Alvin Wellhouse wrote to the agent through whom the policy was obtained, stating that he thought the policy was of no more value to the company, and saying: "If such is the case, and no cost to me till the next premium is due, please have same made payable to Belle L. Wellhouse." That letter was followed by occurrences with reference to the proposed change of beneficiary which, in view of a conclusion stated below, need not be set out. The policy remained in the possession of the paper company, and that company did not consent to a change of beneficiary. Upon the death of the insured and the assertion of claims under the policy by the paper company and by the appellant, the widow of the insured, individually and as executrix, the insurer filed a bill of interpleader, and paid into court the amount called for by the policy. The court sustained the claim of the paper company.

In behalf of the appellant, it was contended that upon the insured ceasing to have any connection with the paper company or any interest therein, he was entitled, under the quoted provision of the policy, to change the beneficiary, and that he did all that was required to effect a change of beneficiary, where the insurer raised no question as to the method adopted by the insured to accomplish that result. If without the consent of the paper company the insured did not have the right to have the beneficiary changed, it is not material to determine whether what he did to that end would have been effective if he had had that right.

At the time the policy was issued, the paper company had an insurable interest in the life of the insured. United States v. Supplee-Biddle Co., 265 U. S. 189, 44 S. Ct. 546, 68 L. Ed. 970. This proposition was not controverted. A policy of life insurance originally valid does not cease to be so by the cessation of the beneficiary's interest in the life of the insured, unless so provided in the policy itself. Connecticut Mutual Life Ins.

Co. v. Schaefer, 94 U. S. 457, 24 L. Ed. 251; Grigsby v. Russell, 222 U. S. 149, 32 S. Ct. 58, 56 L. Ed. 133, 36 L. R. A. (N. S.) 642, Ann. Cas. 1913B, 863. In obtaining the policy the insured acted, not for himself individually, but for the paper company, which paid for the insurance. The insurance having been acquired at the expense and for the benefit of the paper company, that company was the owner of the policy and the beneficiary of its provisions, including the one as to changing the beneficiary. Whatever rights or privileges the insured had under the terms of the policy, he held in trust for the party from whom the consideration proceeded. Smithsonian Institution v. Meech, 169 U. S. 398, 407, 18 S. Ct. 396, 42 L. Ed. 793; Rothwell v. Dewees, 2 Black, 613, 17 L. Ed. 309; 26 R. C. L. 1219. The policy as a whole was an asset of the paper company. Nothing in the evidence as to the circumstances attending the issue of the policy furnishes any support for the contention that Alvin Wellhouse, before or after he ceased to have any connection with the paper company, had the right to change the beneficiary without the consent of the paper company. We conclude that he did not have that right, and that the court did not err in making the above-mentioned ruling.

The decree is affirmed.