## ALLEN v. HUDSON et al.

Circuit Court of Appeals, Eighth Circuit.
October 9, 1929.

No. 8514.

W. G. Dinning, of Helena, Ark., for appellant.

Before KENYON and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge. The facts in this case are practically without dispute and are fairly stated in the briefs of both parties. May 1, 1919, E. M. Allen, appellant, and James A. Hudson, appellee, be-

came partners in an insurance business operated under the name of E. M. Allen Company. Allen had a 55 per cent. and Hudson had a 45 per cent. interest in the business. It was decided between them that a policy of insurance should be executed on the life of each of the partners for the benefit of the partnership. Accordingly, the Mutual Life Insurance Company of New York issued two policies in the sum of $10,000 each—one on the life of Edward M. Allen and the other on the life of James A. Hudson. In each policy the E. M. Allen Company was named as beneficiary, and in all cases the premiums were paid out of the earnings of the business without regard to the extent of ownership of each partner, and were charged to expense account. October 28, 1927, the partners entered into a dissolution agreement which contained the following clause:

"For Allen's share of the business of The E. M. Allen Company, which is 55% undivided interest in all of the assets of The E. M. Allen Company of every kind and character, except the accounts and notes receivable that were due on or before July 1, 1927, Hudson agrees to pay Allen the sum of $13,750. * * * It is specifically understood and agreed that Allen is selling all of his interest in the assets of the E. M. Allen Company of every kind and character except the accounts and notes receivable that were due on or before July 1, 1927."

Hudson at once surrendered the Allen policy to the insurance company, and demanded the cash surrender value thereof. Allen thereupon made demand for 55 per cent. of said cash surrender value. The insurance company, for protection, invoked the jurisdiction of the court under Act May 8, 1926, 44 Stat. 416 (28 USCA § 41(26). The cash surrender value of the policy, in the sum of $1,328.80, was deposited in court, and the insurance company asked that this fund be paid to the person entitled to receive it. In this proceeding Allen and Hudson are named as defendants. Both filed answer, and the case was tried between them as principals. The court found in favor of Hudson, and Allen prosecutes this appeal.

Appellant filed the following assignments of error:

"1. That the judgment of the Court is contrary to law.

"2. That the judgment of the court is without evidence to support it.

"3. That the judgment of the court is contrary to law and the evidence.

"4. The court erred in allowing the interpleader, the Mutual Life Insurance Co., the sum of $100.00, as fee for attorneys representing the interpleader in this cause."

Strictly speaking, this appeal should be dismissed for failure to comply with rules Nos. 11 and 24 of this court. The first three assignments, at least, are too general to present anything for review. Lahman v. Burns National Bank (C. C. A. 8) 20 F.(2d) 897; Harris v. Newsom (C. C. A. 8) 23 F.(2d) 652. However, we find it unnecessary to take such drastic action, because, in our judgment, for other reasons the findings and decree of the trial court should not be disturbed. There is involved neither obvious error of law nor serious mistake of fact. Upon the record presented we concur in the conclusion reached by the Circuit Court of Appeals for the Fifth Circuit in the case of Wellhouse v. United Paper Co., 29 F.(2d) 886. The policy there, under similar circumstances, was held to be an asset of the paper company; and so, here, the policy in suit was an asset of the E. M. Allen Company. The premiums were paid with the funds of the company and charged to expense. The policy, together with its cash surrender value, was the property of that company, and passed with the transfer of its assets. It is significant that originally appellant made demand upon the insurance company for 55 per cent. of the cash surrender value instead of the entire amount, as now claimed. This he did in conformity with his former percentage interest in the company, thereby making a practical construction of the manner in which the policy was held.

Assignment No. 4 complains of allowing the interpleader $100 as attorneys' fee. We agree with the trial court that this fee is properly allowed. Massachusetts Mut. Life Insurance Co. v. Bondurant (C. C. A.) 27 F.(2d) 464. Furthermore, this assignment was ignored in both argument and brief, and was therefore abandoned.

The decree below is affirmed.