[S. F. No. 15307.   In Bank.—January 23, 1936.]

BOLDEMANN CHOCOLATE COMPANY (a Corporation), Respondent, v. EVA PRICE et al., Appellants.

Gerald C. Halsey, Frederic T. Leo and Halsey & Leo for Appellants.

Phillip Barnett and Samuel Vartan for Respondent.

CONREY, J.—Appeal by defendants from judgment for plaintiff in an action described as an action to quiet title to a life insurance policy. The complaint, however, in addition to the usual allegations of a complaint to quiet title, set forth the facts upon which plaintiff rested his claim, and asked for a determination of its rights in the premises.

The facts are not in dispute. Plaintiff, Boldemann Chocolate Company, a California corporation, has for many years been the channel through which its president, Oscar Boldemann, and members of the Boldemann family have conducted the business of manufacture and sale of chocolate confections. On February 12, 1922, the board of directors of the corporation, representing a majority of the issued shares of stock thereof, duly passed a resolution shown by its minutes, as follows: "Upon motion duly made, seconded and carried, it was decided that the life of Oscar Boldemann be insured for $50,000 and that this corporation be the beneficiary and pay all premiums. The above resolution was unanimously adopted. Oscar Boldemann was to attend to the details. . . . "

Thereafter, in accordance with said resolution, Oscar Boldemann purchased a $50,000 life insurance policy of the Prudential Insurance Company of America, dated May 20, 1922. In his original application he requested that the corporation be made beneficiary but, on suggestion of the insurance agent that he name his estate and thereafter assign the policy to the corporation, the policy was issued naming as beneficiary "the

executors, administrators or assigns of the insured'', with right reserved to change the beneficiary. On June 28, 1922, Boldemann executed a declaration of trust, transferring the policy to defendant bank, as trustee, with instructions to collect, upon his death, all sums due under it and ''to distribute such sums to the stockholders'' of the company in proportion as their holding might appear at said time on the company's books. From date of issuance of the policy each and every premium due thereon, about $2,000 annually, was paid by the corporation and the value of the policy was carried as an asset on its books.

In 1932, in the course of refinancing, the corporation attempted to borrow on the policy, and then discovered that by reason of the trust assignment to defendant bank for the benefit of the stockholders directly instead of for the corporation, a cloud existed upon its ownership of the policy. Under section 2280 of the Civil Code (prior to 1931 amendment), a trust such as this one purported to be could not be revoked ''except by the consent of all the beneficiaries''. The corporation, therefore, immediately sought the consent of the stockholders to cancellation of the trust and obtained such consent from all stockholders save Eva Price, defendant herein, who owned less than 10 per cent of the outstanding stock. This refusal of Eva Price to file her consent led to the bringing of this action.

Separate answers were filed by the defendants and on the issues so joined the cause went to trial. The court found that plaintiff was at all times the sole and exclusive owner of the policy and that its delivery in trust to defendant bank was without authority from plaintiff to Oscar Boldemann, ''so that said policy was not at the time of delivery, is not now, and never was, subject to said trust, either as the *corpus* thereof or otherwise''. Judgment followed quieting plaintiff's title to the policy and decreeing its right to immediate possession and custody thereof. Both defendants appealed but only defendant Eva Price has pursued the appeal by filing of briefs.

No contention is made questioning the insurable interest of plaintiff in the life of Oscar Boldemann, and we have no misgivings on that score. (Civ. Code, sec. 2763; 75 A. L. R. 1362, note.)

■ Disposing first of appellant's contention that this is a proper case for operation of the general doctrine that by the usual quiet title suit the owner of an equitable title to property cannot maintain an action against the owner of the legal title, we need only observe that the complaint herein contained in addition to the usual averments of an action to quiet title, allegations setting forth the circumstances surrounding the issuance and assignment of the policy, together with a prayer for determination of plaintiff's rights under said policy, its title thereto, ownership thereof, and for a decree directing delivery of the policy to it, and for general relief. Under the pleadings so broadened the relief granted by the court was consistent with the case made by the complaint and embraced within the issues. (Sec. 580, Code Civ. Proc.)

■ Appellant urges that the record shows that Oscar Boldemann never acted upon the authority conferred by the resolution of the corporation, but instead abandoned that authority and proceeded upon a new and different venture of his own, to wit: the purchase of a policy by himself and the creation of a binding, valid, irrevocable trust assigning the proceeds thereof for the benefit of the stockholders; hence that the policy was placed effectually beyond the reach of the corporation and that its only right in the premises is an action against Oscar Boldemann for damages for failure to carry out the corporate will, or for the return of the premiums improperly caused by Boldemann to be paid upon said policy, or both. This is not a correct analysis of the case. The record shows clearly that in purchasing the policy Oscar Boldemann acted pursuant to the resolution and made the purchase for and on behalf of the corporation. He was thereafter without authority to assign the policy in trust for benefit of the stockholders, and said assignment never created a valid and subsisting trust. In other words, the case is like any other case where a principal authorizes his agent to use the principal's money for purchase of certain personal property and the agent, instead of making the purchase in the name of his principal, makes it in his own name and later assigns it, without consideration, in trust for the benefit of others. In such case it is plain that the unauthorized trust would be invalid and the principal could maintain a suit to establish his ownership of the property.

■ Section 2224 of the Civil Code provides: "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." This doctrine has been applied in numerous instances, and to a great variety of facts. Although we find no case similar in point of fact to the case at bar, we do find abundant authority for the application here made of the rule. (25 Cal. Jur., pp. 146, 147, and cases in note.)

■ Ordinarily in such case the decree would declare and establish a trust and compel the trustee to convey the property to the person entitled thereto. But this is a mere procedural item. In this case the decision and judgment accomplished the same result by the direct declaration that plaintiff is the sole and exclusive owner of the policy. Under the circumstances shown by the record there does not appear to be any compelling reason to require the added ceremony of assigning the policy to plaintiff in order to give effect to the judgment. The omission of this step in the enforcement of the remedy causes no injury or prejudice to any rights of the defendant.

In support of respondent's contention that the facts establish its position as owner of the policy, it cites numerous cases, such as *Wellhouse* v. *United Paper Co.*, 29 Fed. (2d) 886, and *Williamson* v. *Williamson Paint Mfg. Co.*, 113 W. Va. 744 [169 S. E. 408]. Appellant in reply points to the fact that in those cases the policy named the plaintiff as beneficiary, and the question at issue related to the attempt of the nominal insured to change the beneficiary. Nevertheless, we think that the principles affirmed in those decisions should control in this case. Thus, in the Wellhouse case, the court said: "In obtaining the policy the insured acted, not for himself individually, but for the paper company, which paid for the insurance. The insurance having been acquired at the expense and for the benefit of the paper company, that company was the owner of the policy and the beneficiary of its provisions, including the one as to changing the beneficiary. Whatever rights or privileges the insured had under the terms of the policy, he held in trust for the party from whom the consideration proceeded. (*Smithsonian Institution* v. *Meech*, 169 U. S. 398, 407 [ 18 Sup. Ct. 396, 42 L. Ed. 793] ; *Rothwell*

v. *Dewees*, 2 Black, 613 [17 L. Ed. 309] ; 26 R. C. L. 1219.) The policy as a whole was an asset of the paper company.''

The judgment is affirmed.

Langdon, J., Curtis, J., Waste, C. J., Shenk, J., Thompson, J., and Seawell, J., concurred.