## DURR DRUG CO. v. UNITED STATES.
### No. 8852.

Circuit Court of Appeals, Fifth Circuit.
Nov. 9, 1938.

HUTCHESON, Circuit Judge, dissenting in part.

A. H. Arrington, of Montgomery, Ala., for appellant.

Wm. J. Samford and Sewall Key, Sp. Assts. to Atty. Gen., Jas. W. Morris, Asst. Atty. Gen., and Thos. D. Samford, U. S. Atty., of Montgomery, Ala., for the United States.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Appellant brought its action in the district court to recover income taxes paid for the year 1933, its claim for refund having been duly filed and subsequently denied. The judgment appealed from denied recovery of all or any part of the claim.

In 1930, appellant prevailed upon one Wylie, who was indebted to it for a sum in excess of $15,000, to insure his life for said amount, making appellant the named beneficiary, with the understanding that the policies would be delivered to it and that it would pay all premiums. The policies were issued, and the premiums were paid by appellant without any charge against Wylie, keeping the insurance in effect until Wylie's death in the year 1933, whereupon appellant collected the face amount of the policies. Prior to Wylie's death, appellant charged off as uncollectable $29,-152.86 of the debt of Wylie, and claimed the amounts as deductible items on its income for taxation purposes for the years in which the deductions were made. No return was made, or tax paid, on the proceeds of the insurance, whereupon a deficiency assessment was made, and paid under protest.

On the trial of the cause, all of the facts were stipulated, and the sole controversy here is whether or not appellant received the proceeds of the insurance as the transferee of the contracts by assignment or otherwise, within the meaning of section 22(b) of the Revenue Act of 1932, 47 Stat. 169, 26 U.S.C.A. § 22(b). The statute in question is as follows:

"(b) Exclusions from Gross Income. The following items shall not be included in gross income and shall be exempt from taxation under this title:

"(1) Life insurance. Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or in installments (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income);

"(2) Annuities, etc. Amounts received (other than amounts paid by reason of the death of the insured and interest payments on such amounts) under a life insurance, endowment, or annuity contract, but if such amounts (when added to amounts received before the taxable year under such contract) exceed the aggregate premiums or consideration paid (whether or not paid during the taxable year) then the excess shall be included in gross income. In the case of a transfer for a valuable consideration, by

assignment or otherwise, of a life insurance, endowment, or annuity contract, or any interest therein, only the actual value of such consideration and the amount of the premiums and other sums subsequently paid by the transferee shall be exempt from taxation under paragraph (1) or this paragraph."

The insurable interest of appellant in the life of Wylie and the validity of the contract are not questioned. In procuring the insurance in the form and manner in which the policy was issued, Wylie acted for the benefit of appellant, and obtained no beneficial interest therein for himself. Should any of the benefits have inured to him under the terms of the policy, he would have held them in trust for appellant. In obtaining the insurance, appellant was not permissively using a right of Wylie under its agreement with him, but was exercising its own right to obtain insurance because of the interest it then owned and admittedly had a right to protect. From the inception of the insurance contract until the maturity of the rights thereunder, appellant was the sole beneficiary and the owner thereof. At no time was Wylie in the position of owner or beneficiary, and at no time did he have any interest therein which he could transfer or assign. Wellhouse v. United Paper Co., 5 Cir., 29 F.2d 886; Allen v. Hudson, 8 Cir., 35 F.2d 330; Ferguson v. Massachusetts Mutual Life Ins. Co., 102 N.Y. 647.

Appellee does not question the propriety of applying the exclusion provided for in section 22(b) (1) of the act to the proceeds of the insurance as an amount "received under a life insurance contract paid by reason of the death of the insured." It contends that, being within the exclusion, its issuance to and ownership by appellant was, either in fact or in legal effect, a "case of a transfer for a valuable consideration, by assignment or otherwise, of a life insurance * * * contract." That it was not an actual transfer follows naturally from the fact that no transfer by assignment or otherwise was ever made by Wylie or anyone acting in his behalf. To be material in this case, the transfer "in legal effect" must have been such as would bring the proceeds of the insurance within the exception provided for in the statute. To this end, appellee contends that, under the doctrine of insurable interest, such insurance, when issued or transferred to the creditor, is in fact a contract of indemnity

against non-payment of the debt. Exchange Bank of Macon v. Loh, 104 Ga. 446, 31 S.E. 459, 44 L.R.A. 372.

If it be conceded that the life insurance is indemnity for non-payment of the debt, it does not cease to be life insurance, and is none the less within the exclusion provided for in section 22(b) (1). Indemnity or otherwise, in order for the proceeds paid by reason of the death of the insured to be taxable as income, the contract must have been transferred by assignment or otherwise, so that it would come within the exception.

Appellee further contends that the arrangement by which Wylie was induced to procure the policy and have it issued to appellant had the same effect as if Wylie had procured the insurance for his own benefit and had assigned it to appellee, and that the proceeds are taxable under the statute because of this identity of results. The express language of the statute requires no such application, and its language does not permit it to be broadened to include the transaction here involved. It presents no ambiguity. The legislative intent must be gathered from the plain meaning of the words used, and there is no occasion for the application of any other rule of construction. Osaka Shosen Kaisha Line v. U. S., 300 U.S. 98, 57 S.Ct. 356, 81 L.Ed. 532; Helvering v. City Bank Farmers' Trust Co., 296 U. S. 85, 56 S.Ct. 70, 80 L.Ed. 62; United States v. Missouri P. R. Co., 278 U.S. 269, 49 S.Ct. 133, 73 L.Ed. 322.

The contention that we should find the two transactions equivalent and substitute the one which did not occur in fact, but which would be taxable, for the one which did occur in fact, but is not taxable within the plain language of the statute, discloses its own fallacy. The urgency of making the substitution in our treatment of the case arises from the fact that the two transactions are not identical within the meaning of the law and for the purposes of taxation. The Congress elected to exclude the proceeds of the policy here involved from gross income and to exempt them from taxation. It also excepted from the exclusion the proceeds of policies transferred by assignment or otherwise for a valuable consideration. It might have provided for a case where the policy was obtained by a creditor on the life of his debtor, but it did not do so. Since the policy here involved

was not transferred within the meaning of the statute, the tax was not imposed thereon, and the deficiency assessment was improperly levied. Appellant should have had judgment in the district court for the full amount of its claim.

For the reasons stated, the judgment is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

HUTCHESON, Circuit Judge (dissenting in part).

I agree with the majority in their treatment and in the result of their treatment, of the question, whether appellant received the proceeds of the insurance as a transferee of the contract by assignment or otherwise, within the meaning of Sec. 22(b) of the Revenue Act of 1932, 26 U.S.C.A. § 22(b) note.

I do not agree with their view that this is the sole controversy in the case. I think there is another controversy or question in the case; whether appellant did not, in the year in question, collect a debt which he had previously charged off as bad. I think he did, and that because he did, he ought to pay the tax. I think the judgment should be affirmed.

I dissent from its reversal.