[Civ. No. 11295. First Appellate District, Division One.—May 8, 1940.]

HATTIE SPATH, Appellant, v. HARRIET H. SEAGER, Respondent.

L. D. Uhlman for Appellant.

Charles Mitschrich for Respondent.

WARD, J.—An action to quiet title upon issues raised by the complaint, the answer thereto, a cross-complaint and the answer to the cross-complaint. The pleadings are in the ordinary and usual form except that the answer to the cross-complaint pleads an estoppel. In rendering judgment in favor of defendant and cross-complainant, the court directed plaintiff and cross-defendant to execute and deliver to the former a release of all claim in the property involved. Plaintiff and cross-defendant appealed.

The facts of the case are as follows: Prior to the controversy here involved, the Selile Oil Company, in one of whose wells John N. Hoffman was the owner of a certain one per cent overriding royalty, made an assignment for the benefit of creditors, John A. Alford being named as one of the trustees. On October 30, 1934, Hoffman sold and assigned his interest in the Selile well to defendant herein for $1150. The conveyance was recorded the same day in the office of the county recorder. Hoffman represented to defendant that a

change in ownership on the books of the company would result in additional expense to her, so, during a period of approximately eight months, Hoffman collected the dividends and sent his personal checks for the amount to defendant. On May 31, 1935, the above-mentioned trusteeship terminated and the property was retransferred to the Selile Oil Company. It was thereafter operated by the Atlantic Oil Company, which continued to pay the royalties. During this entire period, the royalty ownership remained on the books of the company in Hoffman's name. In January, 1936, defendant wrote to John A. Alford requesting that the checks be paid her direct, but the letter was not answered, nor was the request complied with. On January 15th, Hoffman transferred the holding to B. J. Mense for a consideration of $300. Two days later, Mense sold the interest to plaintiff Spath for $400. The Spath transfer was recorded with the county recorder, but no investigation was made to ascertain whether any previous transfer by Hoffman had been recorded. The reasonable cash value of the royalty interest was no less than $750.

The court found that defendant never at any time, by any act or any omission to act, held out or represented Hoffman to be the owner of the interest in controversy; that Hoffman collected certain dividends which he did not turn over to defendant but retained for his personal use; that Mense collected certain dividends following the transfer from Hoffman to him; that neither Mense nor Spath were innocent purchasers in good faith for a valuable consideration, without notice, of the interest each successively claimed adversely to defendant, and it decreed that within thirty days after notice of entry of judgment plaintiff execute and deliver a release of all claim in the interest involved in the action.

The son of plaintiff, who had acted as her agent in the transfer, testified that he had as many as ten interests of similar nature which he "always recorded" until advised, subsequent to this transaction, that it was not necessary to record. Respondent's counsel asked the following question: "At that time you thought a record—an instrument of that kind recorded was a notice to everybody—" Over objection that it called for the conclusion upon a legal matter, an affirmative answer was given. The objection should have been sustained. However, the question and answer were not preju-

dicial to the rights of the parties and would not warrant a reversal, and might have been referred to on appeal without special consideration, but for the fact that appellant calls attention to a portion of a finding: " . . . and neither of them made any examination of the records of the County Recorder to ascertain whether or not assignment of such interest they were acquiring were of record in said office". This finding need not be predicated upon the objectionable testimony, as it appears in another part of the transcript that the son, as plaintiff's agent, made no investigation at the recorder's office "as to the condition of the title".

The gist of one finding attacked by appellant is that defendant never at any time, by any act or omission, held out or represented Hoffman to be the owner of such interest. A reasonable inference may be drawn from all of the evidence that such was the fact. While it is true that defendant permitted the interest to remain in Hoffman's name, she did not by positive action or by failure to act, attempt to conceal the fact that she was the owner.

This brings us to a discussion of the second finding attacked, namely, that defendant by letter informed John A. Alford, "who was a trustee" of the company, that she owned "said interest" and requested that all dividends accruing thereon should not thereafter be paid to Hoffman but should be paid to her direct. The sending of the letter is an indication that defendant did not intend to hold out Hoffman as the apparent and ostensible owner. Unfortunately, however, for defendant, at the time the letter was mailed Alford had relinquished his duties as a trustee. If the finding may be construed as a determination that defendant did in fact notify the company, we cannot discover any evidence in the record of the letter ever having been delivered to an authorized representative of the company. To that extent the finding is not substantiated by the evidence and should be amended. Under the provision of the Code of Civil Procedure, section 956a, it is ordered that finding numbered V be amended by inserting on the last line thereof: "It is not true that the said letter was received by Selile Oil Co., or its successor Atlantic Oil Company."

In the judgment, the court directed that within thirty days after notice of entry thereof, plaintiff execute and deliver to defendant a release of all claims in and to the prop-

14

erty. The complaint prays for neither an order of cancellation of the purported transfer (*Angus* v. *Craven*, 132 Cal. 691 [64 Pac. 1091]), nor for a decree for specific performance. (*Killey* v. *Wilson*, 33 Cal. 690.) The purpose of the suit was to quiet title. This was attained by the following declaration in the judgment: " . . . that all adverse claims of said plaintiff and cross-defendant Hattie Spath, and all persons claiming or to claim the property hereinafter described, or any part thereof, through or under said plaintiff and cross-defendant, are hereby adjudged and decreed to be invalid and groundless; that the defendant and cross-complainant, Harriet H. Seager, be and she is hereby declared and adjudged to be the lawful owner of [the property involved in the suit]." (*Boldemann Chocolate Co.* v. *Price*, 5 Cal. (2d) 200 [53 Pac. (2d) 946].)

On the trial, consideration seems to have been given to the contention of respondent that she was protected by virtue of the recordation of the assignment. This question is not vital on appeal and is therefore not decided.

It has been held that certain assignments of oil royalties create interests in real property. (*Callahan* v. *Martin*, 3 Cal. (2d) 110 [43 Pac. (2d) 788, 101 A. L. R. 871]; *Standard Oil Co. of California* v. *John P. Mills Organization*, 3 Cal. (2d) 128 [43 Pac. (2d) 797]; *Dabney-Johnston Oil Corp.* v. *Walden*, 4 Cal. (2d) 637 [52 Pac. (2d) 237].) The assignments involved in these cases deraigned from the landowner. In the present case, however, the royalty interests transferred were created by an assignee of a sublease. Despite the holding in *Black* v. *Solano Oil Co.*, 114 Cal. App. 170 [299 Pac. 843], the nature of the latter class of royalty interests in particulars affecting the right to recordation would seem to be an open question in view of the decision in *Schiffman* v. *Richfield Oil Co.*, 8 Cal. (2d) 211 [64 Pac. (2d) 1081].

The court found that Mense and plaintiff Spath were not innocent purchasers for a valuable consideration from Hoffman. The burden was on plaintiff, irrespective of recordation of the assignment to her, to show that she acted in good faith. She did not testify. By silence, and refraining from offering proof of an issue raised by appellant, there was a tacit admission of bad faith. Appellant was represented by her son who had considerable experience in the purchase of royalty interests and "had as much as ten in-

terests of that nature on the hill''. The evidence showed that the royalty paid annually approximated four-fifths of the purchase price paid by Mense to Hoffman, and three-fifths of the sum paid by appellant to Mense. From these suspicious circumstances an inference may be drawn that good faith was lacking. A reviewing court will not interfere with the judgment of a trial court based upon reasonable inferences drawn from the evidence. Under all the facts and circumstances, the plea of estoppel was not substantiated.

That part of the judgment "that within 30 days after notice of the entry of judgment said Hattie Spath execute and deliver to said Harriet H. Seager, under her hand and seal, duly acknowledged, a release to said Harriet H. Seager of all claim in and to said one (1%) per cent interest in the property involved in this action, and hereinbefore described" is reversed. In all other respects, the judgment, based upon the findings as amended, is affirmed, respondent to recover costs.

Peters, P. J., and Knight, J., concurred.