**PEOPLES FINANCE & THRIFT CO. v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 13230.**

United States Court of Appeals Fifth Circuit.

Nov. 3, 1950.

Needham A. Graham, Jr., Birmingham, Ala., for petitioner.

Francis W. Sams, Ellis N. Slack, Lee A. Jackson, Special Assistants to Attorney General, Theron Lamar Caudle, Assistant Attorney General, Charles Oliphant, Chief Counsel, Rollin H. Transue, Special Attorney, Bureau of Internal Revenue, Washington, D. C., for respondent.

Before McCORD, BORAH and RUSSELL, Circuit Judges.

PER CURIAM.

■ We are of opinion the Tax Court correctly held that the amounts received by petitioner under certain health and accident insurance policies transferred to it for value constitute taxable income, and that they do not come within the purview of the exemption contained in Section 22 (b) (5) of the Internal Revenue Code, Title 26 U.S.C.A. § 22(b) (5).

We find no merit in the contention that because the amounts involved were "received through accident or health insurance" within the language of the statute, they must therefore be considered as "Exclusions from gross income". Such a construction would manifestly ignore the further statutory requirement that the amounts must be received "as compensation for personal injuries or sickness". Here, it becomes patent that petitioner did not receive the payments under these policies as compensation for any personal injury or sickness, but solely in partial satisfaction of an unpaid indebtedness. Petitioner was merely a transferee for value of the proceeds of the policies, and when the payments were made thereunder it was only recovering a portion of the debt owed to it and realizing a return on its investment in the policies. Moreover, the amounts received by it under the policies should be treated as income, for petitioner had charged the debt off as worthless in a prior tax year, and had taken a deduction for it at that time. See St. Louis Refrigerating & Cold Storage Co. v. United States, 8 Cir., 162 F.2d 394, 398.

We do not believe that in such cases Congress intended to extend the benefit of the exemption in this statute to the assignee or transferee for value of the benefits of health and accident insurance policies, but that the exemption was clearly intended to be applied only in those cases where the beneficiary of the policies has suffered some uncompensated loss or injury arising out of the incapacitation of the insured through "personal injuries or sickness". Cf. Durr Drug Co. **v.** United States, 5 Cir., 99 F.2d 757.

Affirmed.