**LANDFIELD FINANCE COMPANY, a corporation, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 67 C 406.**

United States District Court
N. D. Illinois, E. D.
Dec. 13, 1968.

Joseph Adler, Chicago, Ill., for plaintiff.

Thomas Foran, U. S. Atty., Lawrence J. Cohen, Asst. U. S. Atty., Chicago, Ill., for the United States.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, MEMORANDUM, ORDER AND JUDGMENT

CAMPBELL, Chief Judge.

Plaintiff, Landfield Finance Company has brought this action for an income tax refund and seeks to recover income taxes in the amount of $6,626.48 which it alleges were illegally and erroneously assessed and collected by the government from the plaintiff, taxpayer. By agreement the parties have filed a full and complete stipulation of all relevant facts and have submitted the question to the court on their briefs. The facts are not complicated. The court adopts the agreed stipulation in full as its findings of fact.

The plaintiff is in the business of making loans. To secure a loan made to Carl A. Matson ("Matson") and personally guaranteed by him, Matson was required to take out a life insurance policy on his life, naming plaintiff as beneficiary. Any amount received by plaintiff upon Matson's death in excess of the balance of Matson's indebtedness was to be paid by plaintiff to Matson's residuary beneficiary, the executors or administrators of his estate. On the death of Mr. Matson plaintiff received benefits under the policy which amounted to $22,567.57. Of this amount plaintiff reported as income the amount of $16,106.-42 which was the amount it received in excess of its cost basis on the loan. Had Matson lived and paid this amount to plaintiff it would have been taxable income to plaintiff. Plaintiff argues, however, that the proceeds of the life insurance policy paid on the death of Carl A. Matson should not be included in its gross income. In support of this argument, plaintiff relies on § 101(a) of the Internal Revenue Code (26 U.S.C. § 101(a)) which provides that, "gross income does not include amounts received under a life insurance contract, if such amounts are paid by reason of the death of the insured." In answer to the contentions of plaintiff, the government argues that the insurance payments here at issue were not paid to plaintiff "by reason of the death of the insured", but rather that these amounts were paid by reason of the debt due plaintiff from Matson, which debt was secured by the policies.

In their briefs both parties discuss in detail the two decisions I find most relevant to the issues presented. They are Durr Drug Co. v. United States, 5th Cir., 99 F.2d 757, 119 A.L.R. 1192 (1938) and T. O. McCamant v. Commissioner, 32 T.C. 824 (1959). The taxpayer relies on the *Durr Drug Co.* case while the government urges the rationale of the later *T. O. McCamant* case. On my analysis of these decisions and the other authorities on the subject, I find the position of the government, particularly as supported by the rationale, if not the precise holding, of the *T. O. McCamant* case, the more sensible one. I, therefore, adopt that rationale in this case.

In reaching this conclusion I should observe that the court in *Durr Drug Co.* never reached the issue presented here. The only issue in that case was whether the proceeds of the insurance were taxable as a "transfer for a valuable consideration by assignment or otherwise of a life insurance * * * contract" (99 F.2d at 759) This fact is quite clear from the opinion of Judge Hutcheson (dissenting in part). Judge Hutcheson agreed with the majority that the proceeds of the insurance were not received as a transfer of the contract by assignment or otherwise. However, he pointed out that he saw another issue in the case "whether appellant did not, in the year in question, collect a debt which he had previously charged off as bad." In answering the issue raised, Judge Hutcheson continued, "I think he did, and that because he did, he ought to pay the tax." These aspects of the *Durr Drug Co.* case were discussed by the tax court in *T. O. McCamant,* whereupon the court made the following observations and conclusions which are relevant to the determination of the case before me.

"It is therefore apparent that before McCamant could take under the provisions of the insurance contract, he not only had to establish Noill's death, but also had to prove that at the time of death, Noill was indebted to him. Without proof of this indebtedness,

McCamant was entitled to no part of the benefits provided for by the contract. Thus, the amounts received by petitioners under the Noill insurance contract were not "paid by reason of the death of the insured," albeit his death was a prerequisite to the fund coming into existence. Rather, the funds were paid to petitioners by reason of the indebtedness of the insured to them. This is not the case of a creditor who has been named the sole beneficiary of a contract of insurance on his debtor's life and is the owner of such policy and its proceeds regardless of the existence of indebtedness at the time of death. That was the situation presented to the Fifth Circuit in Durr Drug Co. v. United States, supra, strongly relied on by petitioners. In that case, however, the beneficiary had only to submit proof of death to the insurer in order to be entitled to the benefits of the contract. In the case before us—no debt, no payment. This distinction between Durr and the instant case is vital." (32 T.C. at 834–835)

In this case as in *T. O. McCamant* the right of plaintiff to retain the proceeds of the insurance policy depended upon the existence of the debt. The proceeds of the insurance contract were not, "paid by reason of the death of the insured, albeit his death was prerequisite to the fund coming into existence. Rather the funds were paid (to plaintiff) by reason of the indebtedness of the insured to them." Plaintiff's interest in the fund was limited to the extent of the insured's liability to it. It is only common sense that the proceeds should be taxable to the same extent and in the same manner as if the debt itself had been paid. That is what plaintiff insured and that is what it received.

Accordingly, for the reasons set forth herein, plaintiff's complaint for income tax refund is hereby dismissed with prejudice and without costs, and judgment shall be entered in favor of the defendant, United States.